**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>WALKER RIVER PAIUTE TRIBE,<br><br>        Plaintiff-Intervenor,<br>   vs.<br><br>WALKER RIVER IRRIGATION DISTRICT,<br>a corporation, et al.,<br><br>        Defendants.<br>_____<br>MINERAL COUNTY,<br><br>        Proposed-Plaintiff-Intervenor<br>   vs.<br><br>WALKER RIVER IRRIGATION DISTRICT<br>a corporation, et al.<br><br>        Proposed Defendants. | IN EQUITY NO. C-125-ECR<br>Subproceedings: C-125-B & C-125-C<br>3:73-CV-00127-ECR-LRL &<br>3:73-CV-00128-ECR-LRL<br><br>**REVISED PROPOSED ORDER
CONCERNING SERVICE ISSUES
PERTAINING TO DEFENDANTS
WHO HAVE BEEN SERVED** |

In the C-125-B and C-125-C subproceedings, the Court has required the United States of America ("United States") and the Walker River Paiute Tribe ("Tribe") (Plaintiff and Plaintiff-Intervenor in Subproceeding C-125-B) and Mineral County (Proposed Plaintiff-Intervenor in Subproceeding C-125-C) (collectively the "Plaintiff Parties") to serve significant numbers of

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

1

water rights holders in the Walker River Basin.[1]  In their respective subproceedings, the Plaintiff Parties have engaged in extensive service efforts on these water rights holders over a number of years.  This Order addresses several overlapping service issues that have emerged from these efforts and are common to both subproceedings.

Having reviewed and considered the record concerning service in these subproceedings, and the related filings and arguments of counsel, the Court has concluded that, with regard to defendants who have been served, service of the pleadings in these actions must have a defined end point and the Plaintiff Parties should be relieved of the duty (1) to track such defendants perpetually, (2) to re-serve them if and when they acquire additional water rights in the same subproceeding, or (3) to serve successors-in-interest to water rights if and when defendants who have been served transfer any of these rights.  In the interest of ensuring that service will have an end point, this Order addresses the treatment and finality of service with respect to defendants who transfer their claims to water rights after having been served, defendants who have been served and acquire additional claims to water rights at issue in the same subproceeding, and the obligations of named defendants who transfer a claim to water right prior to service.  This Order also addresses the treatment of successors-in-interest to claims to water rights following the death of a defendant who has been served.

NOW THEREFORE, the Court FINDS and ORDERS as follows:

---

[1] To date, for example, the United States reports that it has served over 3,800 persons and entities pursuant to this Court's Case Management Order, (C-125-B Doc. 108), and Mineral County reports that it has served over 1,000 Walker River Decree water rights holders, (C-125-C Doc. 496).

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

## I. Treatment of Successors-in-Interest As a Result of an Inter Vivos[2] Transfer:

1. The Court finds that after litigation has been commenced, the substitution or joinder of a successor-in-interest is governed by Federal Rule of Civil Procedure 25 ("Fed. R. Civ. P. 25"). Hilbrands v. Far East Trading Co., 509 F.2d 1321, 1323 (9th Cir. 1975); Fischer Bros. Aviation, Inc. v. NWA, Inc., 117 F.R.D. 144, 146 (D. Minn. 1987) (citing Froning's, Inc. v. Johnston Feed Serv., 568 F.2d 108, 110 (8th Cir. 1978)); P P Inc. v. McGuire, 509 F. Supp. 1079, 1083 (D.C.N.J. 1981) (citing 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (1972)).  Fed. R. Civ. P. 25(c) governs the substitution of successors-in-interest that are the result of an *inter vivos* transfer and provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

2. "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest is transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor-in-interest even though he is not named." In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed.1986)); see also Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir.1993); P P Inc. v. McGuire, 509 F. Supp. at 1083 (citing Froning's, Inc., 568 F.2d

---

[2] *Inter vivos* means among the living.  Transfers that occur because a served defendant has died are addressed below

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

108).  Thus, where a defendant has been served in a subproceeding and subsequently sells or otherwise conveys a water right or portion of a water right subject to that subproceeding, a successor-in-interest need not be re-served, but will be bound by the results of this litigation.

3. Once a defendant has been served in a subproceeding, the burden of keeping track of *inter vivos* transfers of the defendant's water rights in that subproceeding and substituting the defendant's successors-in-interest properly is born by the defendant and its successor(s)-in-interest.  The action will continue in the name of the served defendant until such time as the served defendant and any successor(s)-in-interest file an agreement and motion seeking the substitution of the successor(s)-in-interest for the served defendant and the Court approves that substitution.

4. If a defendant who has been served in a subproceeding subsequently sells or otherwise conveys a water right or a portion of a water right subject to that subproceeding, that defendant and its successor(s)-in-interest may move for substitution pursuant to Fed. R. Civ. P. 25(c).

5. If the Court approves the substitution of a successor-in-interest for a served defendant in a subproceeding, the action will continue against the successor-in-interest, who will be treated as a served defendant for the pendency of the subproceeding and shall be bound by the requirements of this Order and all prior and subsequent Orders in that subproceeding.

---

in Section II.

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

4

6. If a defendant who has been served in a subproceeding subsequently acquires additional water rights that are subject to that subproceeding, the prior service on the defendant shall be effective as to all water rights held by that defendant, including any rights acquired subsequent to service.

7. The Court has approved the attached forms (Attachments A and B) for use by defendants and their successors-in-interest in subproceedings C-125-B and C-125-C, respectively, under the above circumstances. Attachments A and B set forth a joint motion by which both the current defendant and its successor(s)-in-interest may identify the rights transferred and indicate their agreement that the successor(s)-in-interest be substituted into the applicable subproceeding for the water rights addressed. These forms are not the exclusive means by which successors-in-interest may be substituted into this action.

## II.    Treatment of Successors-in-Interest As a Result of a Death:

8. The Court finds that Fed. R. Civ. P. 25(a) governs substitution of successors-in-interest as a result of a death and provides, in relevant part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). If no such notice or suggestion of death is made on the record, the case may proceed to judgment with the original named parties. 4 James Wm. Moore et al., Moore's Federal Practice § 25.12[5], 25-20 (3d ed. 1997) (citing Ciccone v. Sec'y of Dep't of Health and Human Servs., 861 F.2d 14, 15 n.1 (2d Cir. 1988)).

9. "Service of a statement noting the death" means the filing on the record in the applicable subproceeding(s) and service of a statement that identifies the successor(s) to the estate

who may be substituted for the decedent. <u>McSurely v. McClellan</u>, 753 F.2d 88, 98 (D.C. Cir. 1985); <u>Rende v. Kay</u>, 415 F.2d 983, 985-86 (D.C. Cir. 1969); <u>Kessler v. Southeast Permanente Med. Group of NC, P.A.</u>, 165 F.R.D. 54, 56 (E.D.N.C. 1995) (citing 7C Charles A. Wright, et al., <u>Federal Practice and Procedure</u> § 1955 (1986 and Supp.1995)); <u>see also</u> Fed. R. Civ. P. 25(a)(3) (service requirements for a statement noting death). Any statement noting the death of a defendant must be filed in all applicable subproceeding(s). In other words, if a decedent is only a defendant in subproceeding C-125-B, the notice need only be filed in that case. If, however, the decedent is a defendant in C-125-B and C-125-C, the notice must be filed in both subproceedings. A notice filed in one subproceeding shall not be construed as "service of a statement noting the death" in the other subproceeding for purposes of complying with this Order or FRCP 25(a).

10. Should a death be formally noted on the record by service of a statement noting the death that is filed in the appropriate subproceeding(s), the Tribe and United States, in the case of C-125-B defendants, or Mineral County, in the case of C-125-C defendants, or any other party or the decedent's representative and/or successor(s)-in-interest shall move for substitution of the proper successor-in-interest within 90 days of such notice pursuant to Fed. R. Civ. P. 25(a). The 90-day period may be extended pursuant to Rule 6(b), which provides the Court the discretion to enlarge this period. Fed. R. Civ. P. 6(b); <u>see also</u> Fed. R. Civ. P. 6(b) 1963 amendment advisory committee's note to 1963 amendment; Fed. R. Civ. P. 25(1)(1) advisory committee's note to 1963 amendment.

11. Absent service of a statement noting the death in a subproceeding, the case may proceed against the original named parties in that subproceeding and will bind any and all successors-in-interest.

12. If a successor-in-interest is already defendant in either subproceeding as a joint tenant or pursuant to other joint ownership of the right(s) owned by the decedent, no action is required and the subproceeding will continue against the successor-in-interest.

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

III. **Treatment of Defendants in Subproceeding No. C-125-C Who Transferred Their Interest(s) Prior to Service:**

13. The provisions of this Section III pertain only to Subproceeding C-125-C. The approved Service Package in Subproceeding C-125-B already includes an *Order – Disclaimer of Interest* and form entitled *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer* to address this issue. If any person or entity receiving service by mail or personal service has no interest in any water right subject to subproceeding C-125-C, that person or entity shall notify the Court and Mineral County in writing of that fact.

14. If such a person or entity sold or otherwise conveyed ownership of *all* water rights subject to Subproceeding C-125-C before being served or otherwise brought into Subproceeding C-125-C, in addition to disclaiming any interest in C-125-C, that person or entity shall include a notice providing the same successor-in-interest information required to be included in a motion for substitution.

15. The form and substance of the disclaimer and notice for C-125-C shall substantially conform to the form attached to this Order as Exhibit C and shall be sent to the Court and counsel for Mineral County.

16. Any person or entity who files a Disclaimer of Interest using the attached form or provides information for this purpose by other means is ultimately responsible for the accuracy of that filing. Consequently, any person or entity who files a notice regarding water rights subject to this litigation, but retains such water rights, shall nevertheless be bound by the results of this litigation.

17. Following its receipt from any person or entity disclaiming any interest in any of the water rights at issue in this case, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss that person or entity from subproceeding C-125-C.

18. If Mineral County does not receive a Waiver of Service of Notice in Lieu of Summons and must personally serve a person or entity that subsequently files a Disclaimer of Interest pursuant to this Order, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss the person or entity from subproceeding C-125-C, but that person or entity may be subject to paying the costs related to formal personal service on them.

## IV.	Notice to Parties

19. The Plaintiff Parties shall provide periodic notice of developments in these proceedings to other parties in this proceedings by mail and by publication as directed by further order of this Court.

## V.	Duty to Provide Updated Information

20. The Walker River Irrigation District, the Nevada State Engineer and the California Water Resources Control Board shall regularly provide updated water right ownership information to the Court and the Plaintiff Parties.  This information may be used to provide notice of the pending proceedings to any new water rights owners.

IT IS SO ORDERED.

Dated: August 24, 2011

_____
The Honorable Lawrence R. Leavitt
United States District Court Magistrate Judge

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

8