# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>WALKER RIVER PAIUTE TRIBE, )<br>)<br>Plaintiff-Intervenor, )<br>vs. )<br>)<br>WALKER RIVER IRRIGATION DISTRICT, )<br>a corporation, et al., )<br>)<br>Defendants. )<br>_____ )<br>MINERAL COUNTY, )<br>)<br>Proposed-Plaintiff-Intervenor, )<br>vs. )<br>)<br>WALKER RIVER IRRIGATION DISTRICT, )<br>a corporation, et al., )<br>)<br>Proposed Defendants. )<br>_____ ) | IN EQUITY NO. C-125-RCJ-WGC<br>Subproceeding: C-125-C<br><br>3:73-CV-00128-RCJ-WGC<br><br>**ORDER RELATING<br>TO COMPLETION OF SERVICE** |

On October 25, 1994, Mineral County filed a Notice of Motion and Motion for Intervention and a Petition to Intervene in the C-125-B case. (C-125-B Doc. Nos. 31-32). On January 3, 1995, the Court created subfile C-125-C, or 3:73-CV-128. Minutes of the Court, at 1 (C-125-C Doc. No. 1).[1]  On February 9, 1995, the Court ordered Mineral County to file revised Intervention Documents and to serve these Intervention Documents on all claimants to the waters of the Walker River and its tributaries pursuant to Federal Rule of Civil Procedure 4.  Order

---

[1] Unless otherwise noted, all document references are to C-125-C documents.

Page **1** of **12**

Requiring Service of and Establishing Briefing Schedule Regarding the Motion to Intervene of Mineral County, ¶¶ 2, 3 (Doc. No. 19). Mineral County filed its Amended Complaint in Intervention, (Doc. No. 20), Amended Memorandum of Points and Authorities in Support of Mineral County's Amended Complaint in Intervention, (Doc. No. 21), and Motion for Preliminary Injunction; Memorandum of Points and Authorities; Affidavit of Kelvin J. Buchanan; and Affidavit of Gary L. Vinyard, Ph.D. (Doc. No. 22), on March 10, 1995.[2]  On September 29, 1995, the Court clarified the February 9 Order and the set of documents that Mineral County was required to serve on claimants to the waters of the Walker River and its tributaries. Order, at 2 (Doc. No. 48).  Over the ensuing years Mineral County completed service on the vast majority of proposed defendants.

On August 29, 2008, Mineral County filed a Service Report indicating that service is close to complete and requesting that the Court requesting that the Court confirm the caption submitted by Mineral County, amend certain names in the caption, strike certain names from the caption, and substitute other names in their stead, ratify service efforts for several proposed defendants, and clarify the status of service on several proposed defendants.  Mineral County Report Concerning Status of Service on Proposed Defendants (Doc. No. 479).  On September 27, 2011, Magistrate Judge Leavitt issued an Order Concerning Service Issues in C-125-C (Doc. No. 547), which granted the requests made in Mineral County's August 2008 Service Report.  WRID filed objections to that Order (Doc. Nos. 552 & 553), Mineral County responded (Doc. No. 563), and the Court overruled those objections in its April 23, 2012 Order with the exception of

---

[2]Together, all five of these documents relating to Mineral County's Motion for Intervention will be referred to as Mineral County's "Intervention Documents."

WRID's objection to the dismissal of Michael Sherlock, who will remain in the caption and must be served pursuant to Fed. R. Civ. P. 4.  Order, at 22-27 (Doc. No. 592).[3]

Mineral County is now ready to move forward with its final service efforts in C-125-C. On June 7, 2012, Mineral County submitted a Report Concerning Status and Completion of Service containing a final service list of proposed defendants to be served pursuant to Rule 4, an updated caption reflecting all orders of the Court to date, and a service package for approval by the Court, which includes Mineral County's Intervention Documents, a Notice in Lieu of Summons, a Notice of Lawsuit and Request for Waiver of Personal Service of Notice in Lieu of Summons, and associated forms listed in paragraph 4 below.  The Court finds that the list of 107 proposed defendants that remain to be served, submitted by Mineral County in its June 7, 2012 Report Concerning Status and Completion of Service, based upon previous orders of the Court, represents the final list of defendants to be served pursuant to Rule 4.  The Court also finds that the updated caption submitted by Mineral County accurately reflects all orders of the Court to date.  The Court further finds that the service package submitted by Mineral County complies with and is consistent with all orders of the Court to date.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1. Based on previous orders of the Court, the final list of proposed defendants to be served pursuant to Rule 4 submitted by Mineral County is hereby approved and is attached hereto as Attachment A.

2. The updated caption submitted by Mineral County is hereby approved as accurate and valid because it is consistent with all previous Orders of the Court that added and dismissed parties and is attached hereto as Attachment B.

---

[3] As the Court noted, in its April 23, 2012, Order, Mineral County already had agreed that Michael Sherlock should not be dismissed and will be served.

3.   The service package submitted by Mineral County is hereby approved.

4.   On or before March 1, 2013, Mineral County shall make service pursuant to Rule 4 of the Federal Rules of Civil Procedure of the following documents on all claimants to the waters of the Walker River who remain to be served:

 a. Notice of Motion and Motion for Intervention (Doc. No. 2);

 b. Proposed Petition to Intervene, Memorandum of Points and Authorities in Support of Proposed Petition to Intervene, and supporting affidavits and exhibits (Doc. No. 3);

 c. Amended Complaint in Intervention (Doc. No. 20);

 d. Amended Memorandum of Points and Authorities in Support of Mineral County's Amended Complaint in Intervention (Doc. No. 21);

 e. Motion for Preliminary Injunction, Memorandum of Points and Authorities, affidavits, Affidavit of Kelvin J. Buchanan, P.E., and Affidavit of Gary L. Vinyard, Ph.D. (Doc. No. 22);

 f. Notice in Lieu of Summons properly issued by the Clerk of the Court, attached hereto as Attachment C;

 g. Notice of Appearance and Intent to Participate form, attached hereto as Attachment D;

 h. Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer form, attached hereto as Attachment E;

 i. Joint Motion for Substitution of Parties Following Transfer of Interest form, attached hereto as Attachment F;

 j. Statement Noting Death form, attached hereto as Attachment G; and

      k. A copy of this Order.

5. Responses will be governed by the following provisions, which are included in the Notice in Lieu of Summons referenced in paragraph 4 of this Order, and attached hereto as Attachment C:

    a. Responses to Mineral County's Notice of Motion and Motion for Intervention shall be filed and served pursuant to a schedule to be established by further order of the Court;

    b. No answer or other response to Mineral County's Proposed Petition to Intervene and Amended Complaint in Intervention will be required until a decision by the Court on Mineral County's Motion for Intervention and then only upon a schedule to be established by further order of the Court;

    c. No response to Mineral County's Motion for Preliminary Injunction will be required until a decision by the Court on Mineral County's Motion for Intervention and then only upon a schedule to be established by further order of the Court;

    d. Within thirty (30) days of service of the Notice in Lieu of Summons the proposed defendant served shall file with the Court and serve on counsel for Mineral County, the Walker River Irrigation District, the United States, Walker River Paiute Tribe, Nevada, California, and the United States Board of Water Commissioners at their respective addresses, a Notice of Appearance and Intent to Participate which includes the name of the proposed defendant and the mailing address of that proposed defendant or of its counsel;

Proposed Order Relating to Completion of Service
Page **5** of **12**

e. Persons, corporations, institutions, associations or other entities who, at the time of service, no longer own a water right subject to this litigation must file the Disclaimer of Interest referenced in paragraph 4(h) of this Order with the Court and serve it on Counsel for Mineral County within thirty (30) days of service;

f. Persons, corporations, institutions, associations or other entities who waive service or are served and who subsequently sell or otherwise transfer a water right that is the subject of this litigation may file with the Court a Joint Motion for Substitution referenced in paragraph 4(i) of this Order;

g. Representatives or heirs to persons who died after being served, and who owned a water right that is the subject of this litigation may file with the Court a Statement Noting Death referenced in paragraph 4(j) of this Order.

6. If Mineral County intends to seek a waiver of service of the above documents, pursuant to the provisions of Fed. R. Civ. P. 4(d), Mineral County shall allow thirty (30) days for return of the waiver of service and shall include with the mailing to persons requested to waive service the documents listed in paragraph 4 of this Order, except for the Notice in Lieu of Summons described in paragraph 4(f) above.

In addition to the documents to be mailed, as listed in paragraph 4, the mailing to each such proposed defendant seeking the waiver of service shall also include a Notice of Lawsuit and Request for Waiver of Personal Service of the documents included in the said mailing and for waiver of personal service of summons generally in accordance with Form 5 of the Rules of Civil Procedure, but modified to cover service of the other documents included in the mailing.

The Notice shall substantially conform to the Notice of Lawsuit and Request for Waiver of Personal Service of Notice in Lieu of Summons attached to this Order as Attachment H.

In the event that Mineral County intends to seek a waiver of service as set forth above, it also shall include with the documents mailed to a proposed defendant from whom such a waiver is sought a form of waiver generally in accordance with Form 6 of the Rules of Civil Procedure, but modified to cover waiver of service of summons and the other mailed documents as described above. The Waiver shall substantially conform to the Waiver of Personal Service of Notice in Lieu of Summons attached to this Order as Attachment I.

7.   At such time as all service required by this Order is complete, Mineral County shall file a statement to that effect.

8.   Once service has been deemed complete by the Court, the Court will set a schedule for responses to Mineral County's Intervention Documents. At that time, proposed defendants who have entered appearances will receive notice of the schedule for responses.

9.   Persons, corporations, institutions, associations or other entities who waive service or are served but who do not appear shall nevertheless be deemed to have notice of subsequent orders of the Court with respect to the Notice of Motion and Motion for Intervention, answers or other responses to the Proposed Petition to Intervene and Amended Complaint in Intervention, or responses to the Motion for Preliminary Injunction.

10.   **Treatment of Defendants Who Transferred Their Interest(s) Prior to Service:**

Pursuant to the Court's September 6, 2011 Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served (Doc. No. 542), if any person or entity receiving service by mail or personal service has no interest in any water right subject to

subproceeding C-125-C, that person or entity shall notify the Court and Mineral County in writing of that fact.

If such a person or entity sold or otherwise conveyed ownership of *all* water rights subject to Subproceeding C-125-C before being served or otherwise brought into the Subproceeding, in addition to disclaiming any interest in C-125-C, that person or entity shall include a notice providing the same successor-in-interest information required to be included in a Motion for Substitution.

The form and substance of the Disclaimer and Notice shall substantially conform to the form attached to this Order as Attachment E and shall be sent to the Court and counsel for Mineral County.

Any person or entity who files a Disclaimer of Interest using the attached form or provides information for this purpose by other means is responsible for the accuracy of that filing.  Consequently, any person or entity who files a Disclaimer of Interest of water rights subject to this litigation, but retains such water rights, shall nevertheless be bound by the results of this litigation.

Following its receipt from any person or entity disclaiming any interest in any of the water rights at issue in this case, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss that person or entity from Subproceeding C-125-C.

If Mineral County does not receive a Waiver of Personal Service of Notice in Lieu of Summons and must personally serve a person or entity who subsequently files a Disclaimer of Interest pursuant to this Order, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss the person or entity from Subproceeding C- 125-C,

but that person or entity may be subject to paying the costs related to formal personal service on them.

11. **Treatment of Successors-in-Interest As a Result of an *Inter Vivos*[4] Transfer**:

Pursuant to the Court's September 6, 2011 Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served (Doc. No. 542), where a defendant has been served in this subproceeding and subsequently sells or otherwise conveys a water right or portion of a water right subject to the subproceeding, the successor(s)-in-interest need not be re-served, but will be bound by the results of this litigation.

Once a defendant has been served in a subproceeding, the burden of keeping track of *inter vivos* transfers of the defendant's water rights in that subproceeding and substituting the defendant's successors-in-interest properly is born by the defendant and its successor(s)-in-interest. The action will continue in the name of the served defendant until such time as the served defendant and any successor(s)-in-interest file an agreement and motion seeking the substitution of the successor(s)-in-interest for the served defendant and the Court approves that substitution.

If a defendant who has been served in a subproceeding subsequently sells or otherwise conveys a water right or a portion of a water right subject to that subproceeding, that defendant and its successor(s)-in-interest may move for substitution pursuant to Fed. R. Civ. P. 25(c).

If the Court approves the substitution of a successor-in-interest for a served defendant in a subproceeding, the action will continue against the successor-in-interest, who will be treated as

---

[4] *Inter vivos* means among the living. Transfers that occur because a served defendant has died are addressed below

a served defendant for the pendency of the subproceeding and shall be bound by the requirements of this Order and all prior and subsequent Orders in that subproceeding.

If a defendant who has been served in a subproceeding subsequently acquires additional water rights that are subject to that subproceeding, the prior service on the defendant shall be effective as to all water rights held by that defendant, including any rights acquired subsequent to service.

The Court has approved the attached form (Attachment F) for use by defendants and their successors-in-interest in subproceedings C-125-C, under the above circumstances. Attachment F sets forth a joint motion by which both the current defendant and its successor(s)-in-interest may identify the rights transferred and indicate their agreement that the successor(s)-in-interest be substituted into the applicable subproceeding for the water rights addressed.  This form is not the exclusive means by which successors-in-interest may be substituted into this action.

12. **Treatment of Successors-in-Interest As a Result of a Death:**

Pursuant to the Court's September 6, 2011 Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served (Doc. No. 542), if a party dies during the course of this litigation, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within ninety (90) days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

If no such notice or suggestion of death is made on the record, the case may proceed to judgment with the original named parties.  A Statement Noting Death must be filed in all subproceeding(s) of this case in which the decedent was a defendant, and service of the statement must identify the successor(s) to the estate who may be substituted for the decedent.

A notice filed in one subproceeding shall not be construed as "service of a statement noting the death" in the other subproceeding for purposes of complying with the Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served or FRCP 25(a).

Should a death be formally noted on the record by service of a statement noting the death filed in subproceeding C-125-C, Mineral County, or any other party or the decedent's representative and/or successor(s)-in-interest shall move for substitution of the proper successor(s)-in-interest within ninety (90) days of such notice pursuant to Fed. R. Civ. P. 25(a). The 90-day period may be extended pursuant to Rule 6(b), which provides the Court with the discretion to enlarge this period. Fed. R. Civ. P. 6(b).

The form and substance of the Statement Noting Death shall substantially conform to the form attached to this Order as Attachment G and shall be sent to the Court and served on counsel for Mineral County, the Walker River Irrigation District, the United States, Walker River Paiute Tribe, Nevada, California, and the United States Board of Water Commissioners at their respective addresses.

Absent service of a Statement Noting Death in a subproceeding, the case may proceed against the original named parties in that subproceeding and will bind any and all successor(s)-in-interest.

If a successor-in-interest already is a defendant in either subproceeding as a joint tenant or pursuant to other joint ownership of the right(s) owned by the decedent, no action is required and the subproceeding will continue against the successor-in-interest.

DATED: August 2, 2012.

_____
United States Magistrate Judge