1
2
3
4

# UNITED STATES DISTRICT COURT

5

## DISTRICT OF NEVADA

6
7
8
9
10
11
12

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | ) |
| Plaintiffs, | ) |
| | ) 3:73-cv-00127-RCJ-WGC |
| | ) In Equity No. C-125-B |
| vs. | ) |
| | ) 3:73-cv-00128-RCJ-WGC |
| WALKER RIVER IRRIGATION DISTRICT et al., | ) In Equity No. C-125-C |
| | ) |
| | ) **ORDER** |
| Defendants. | ) |
| | ) |

This Order addresses several pending motions in two "subfiles" of Case In Equity No. C-

13

125 (Case No. 3:73-cv-125), a nearly century-old case concerning the adjudication of water

14

rights between federal, Indian, state, municipal, and private users of water in the Walker River

15

Basin in Nevada and California.[1]  Pending before the Court in the C-125-B Case, No. 3:73-cv-

16
17
18

_____

[1]The case numbers in these cases will appear unorthodox to the reader for several reasons. First, the C-125 Case, which is the single independent case, was filed in 1924 before the federal merger of law and equity upon the adoption of the Federal Rules of Civil Procedure in 1937; hence, the case name "In Equity No. C-125." Second, the present subfiles, although created after the merger of law and equity, are referred to as Cases In Equity Nos. C-125-B and C-125-C, because they are the second and third of three subfiles created by Judge Reed in the early 1990s in order to administer motions by parties or intervenors relating to the existing Decree, as amended, in the C-125 Case. Third, the C-125 Case, as well as subfiles C-125-A, C-125-B, and C-125-C, have had contemporary case numbers assigned to them: 3:73-cv-125, 3:73-cv-126, 3:73-cv-127, and 3:73-cv-128, respectively.  The subfiles therefore have their own administrative existence in the CM/ECF electronic docketing system.  Although the subfiles were created in 1991, 1992, and 1995, respectively, they were assigned modern case numbers sequential to that of the C-125 case, i.e., 3:73-cv-125 *et seq.*  It is not clear to the Court (or the Clerk) why the C-125 Case and subfiles thereof obtained their modern case numbers as if they had been filed in 1973.

19
20
21
22
23
24
25

1    127, are two motions to dismiss, a motion to stay, a motion to vacate briefing schedule, a motion

2    to extend time, a motion to shorten time, a motion for leave to file excess pages, and a Report

3    and Recommendation ("R&R") from the magistrate judge.  Pending before the Court in the C-

4    125-C Case, No. 3:73-cv-128, are a motion to dismiss, a motion to stay, a motion to vacate

5    briefing schedule, a motion to extend time, and a motion to shorten time.

6    **I.      C-125-B**

7           The Court denies the motion to stay in this subfile as moot.  On May 16, 2014, the United

8    States filed a petition for a writ of mandamus ordering the Court to permit Attorneys Guarino and

9    Negri to appear in the present action.  Accordingly, on May 27, 2014, the Court of Appeals

10   stayed the May 27, 2014 deadline for the United States to file a response to the pending Motions

11   to Dismiss (ECF Nos. 1980, 1981).  When the Court later admitted the attorneys, the Court of

12   Appeals ordered the United States to file a supplemental brief addressing mootness.  The United

13   States has filed a brief arguing that the petition is not moot.  Mineral County has now asked the

14   Court to clarify the scope of the stay ordered by the Court of Appeals in the present case, i.e.,

15   whether it applies to Mineral County's own opposition.  The Court finds that regardless of

16   whether the petition for a writ of mandamus is moot and regardless of whether the stay applies

17   only to the petitioner (the United States) or to the other parties, as well, the motion to stay

18   briefing on the underlying motions is moot because Mineral County, the Walker River Paiute

19   Tribe, and the United States (through the attorneys whom the United States sought a writ of

20   mandamus for the Court to admit and whom the Court has now admitted) have all since filed

21   their separate oppositions to the motions to dismiss.  Moreover, the motion to stay is moot

22   because the Court denies the motions to dismiss in this subfile via the present Order, without

23   prejudice, because it grants the motion to vacate the briefing schedule on those motions pending

24   the issuance of a superseding order on service in this subfile, which the Court also issues via the

25   present Order.

Page 2 of  5

**II.      C-125-C**

      Mineral County asks the Court to stay the briefing schedule on the Motion to Dismiss (ECF No. 751) in the present subfile just as the Court of Appeals stayed it in the C-125-B subfile. The motion to stay has become moot, because, as in the C-125-B subfile, Mineral County, the Walker River Paiute Tribe, and the United States (through the attorneys whom the United States sought a writ of mandamus for the Court to admit and whom the Court has now admitted) have all since filed their separate oppositions to the motion to dismiss.  The motion to dismiss at issue is Walker River Irrigation District's motion to dismiss Mineral County's Complaint in Intervention.  Unlike the motions to dismiss in the C-125-B subfile, the present motion to dismiss will not be dismissed without prejudice pending further service, because the Superseding Order Regarding Service applies only in the C-125-B subfile.  Rather, the Court will order oral argument on the pending Motion to Dismiss (ECF No. 751).

///
///
///
///
///
///
///
///
///
///
///
///
///

1

**CONCLUSION**

2      **IT IS HEREBY ORDERED** that in Case No. 3:73-cv-127 (In Equity C-125-B):

3      1.     The Motion to Stay (ECF No. 2002), the Motion to Extend Time (ECF No. 2014),

4             and the Motion to Shorten Time (ECF No. 2015) are DENIED as moot.

5      2.     The Motion for Leave to File Excess Pages (ECF No. 2021) is GRANTED.

6      3.     The unopposed Motion to Vacate Schedule Related to Motions Regarding Basic

7             Threshold Jurisdictional Issues, or, in the Alternative, Motion for Status

8             Conference (ECF No. 1971) is GRANTED.

9      4.     The unopposed Report and Recommendation (ECF No. 2060) is ADOPTED IN

10            PART, and the Superseding Order Regarding Service and Filing in Subproceeding

11            C-125-B on and by All Parties (ECF No. 2060-1) is SO ORDERED, except that

12            paragraph 15 is amended as follows:  "If an Unrepresented party fails either to

13            consent to electronic service or service by postcard, or if a Non-Appearing Party

14            takes no action and remains a Non-Appearing Party, that party shall be deemed to

15            have consented and agreed to receive service and subsequent notice of all filings

16            in this matter by taking the responsibility to check the public website by selecting

17            "Walker River" on the Court's website (www.nvd.uscourts.gov) or by accessing

18      the public website directly (https://ecf.nvd.uscourts.gov/casedisplay).  ~~All such~~

19            ~~parties shall be deemed to have received notice of all subsequent Orders and other~~

20            ~~filings in Subproceeding C-125-B.~~

21     5.     The Motions to Dismiss (ECF Nos. 1980, 1981) are DENIED without prejudice

22            pending refiling and service in accordance with the Superseding Order Regarding

23            Service.

24     **IT IS FURTHER ORDERED** that in Case No. 3:73-cv-128 (In Equity C-125-C):

25     6.     The Motion to Stay (ECF No. 756) is DENIED as moot.

7.    The Motion to Extend Time (ECF No. 761) is GRANTED, and the Motion to Shorten Time (ECF No. 762) is DENIED.

8.    The Motion to Vacate Schedule Related to Motions Regarding Basic Threshold Jurisdictional Issues, or, in the Alternative, Motion for Status Conference (ECF No. 743) is DENIED.

9.    Oral argument on the Motion to Dismiss (ECF No. 751 in the C-125-C Case) is set for 10:00 a.m. on Monday, October 27, 2014 in Courtroom 6 of the Bruce R. Thompson Courthouse in Reno, Nevada.

IT IS FURTHER ORDERED that the Clerk shall enter this Order into the dockets of Cases Nos. 3:73-cv-00127-RCJ-WGC and 3:73-cv-00128-RCJ-WGC.

IT IS SO ORDERED.

Dated this 16th day of October, 2014.

ROBERT C. JONES
United States District Judge