# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 3:73-cv-00128-MMD-WGC |
| | ) |
| Plaintiff, | ) |
| | ) |
| WALKER RIVER PAIUTE TRIBE, | ) |
| | ) |
| Plaintiff-Intervenor, | ) **ORDER APPROVING** |
| | ) **MINERAL COUNTY SERVICE** |
| v. | ) **PACKAGE** |
| | ) |
| WALKER RIVER IRRIGATION DISTRICT, | ) |
| a corporation, et al., | ) |
| | ) |
| Defendants. | ) |
| —————————————————— | ) |
| MINERAL COUNTY, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| WALKER RIVER IRRIGATION DISTRICT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| —————————————————— | ) |

Mineral County is now ready to move forward with its final service efforts in this matter by personally serving those California riparian property owners in the Walker River Basin who have not previously waived personal service. Together, this *Order Approving Mineral County Service Package* and the *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention*, which the Court is issuing concurrently, govern Mineral County's final service efforts. The Court has reviewed the documents contained in Mineral County's service package and has

1

determined that they constitute a proper package of materials for purposes of service of process under Federal Rule of Civil Procedure 4.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1.     The service package submitted by Mineral County, consisting of the following materials, is hereby approved for use by Mineral County in its final Rule 4 service efforts pursuant to the Court's *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention*:

a.     *Notice in Lieu of Summons* properly issued by the Clerk of the Court, attached hereto as Attachment A;

b.     A copy of the Court's *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention*, attached hereto as Attachment B.

c.     Mineral County's *Second Amended Complaint in Intervention* (Doc. No. 936), attached hereto as Attachment C;

d.     Forms for a *Notice of Appearance and Intent to Participate*, as follows:

(i)     A form for a *Notice of Appearance and Intent to Participate for Party Represented by Attorney*, attached hereto as Attachment D;

(ii)     A form for a *Notice of Appearance and Intent to Participate for Unrepresented Party Consenting to Electronic Service*, attached hereto as Attachment E;

(iii)     A form for a *Notice of Appearance and Intent to Participate for Unrepresented Party Declaring Hardship Making Electronic Service Impossible*, attached hereto as Attachment F; and

     e.     A form for a *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer*, attached hereto as Attachment G.

     2.     In addition, the attached *Notice of Lawsuit and Request for Waiver of Personal Service of Notice in Lieu of Summons* and *Waiver of Personal Service of Notice in Lieu of Summons* documents, are hereby approved for use by Mineral County in potential mailed service efforts pursuant to the Court's *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention* and are attached to this Order as Attachments H and I, respectively.

     DATED:    July 19   , 2021.

                 William G. Cobb
                 UNITED STATES MAGISTRATE JUDGE

3

1  Order Approving Mineral County Service Package

**ATTACHMENT A**
**(Notice in Lieu of Summons)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>WALKER RIVER PAIUTE TRIBE, )<br><br>Plaintiff-Intervenor, )<br><br>v. )<br><br>WALKER RIVER IRRIGATION DISTRICT,<br>a corporation, et al., )<br><br>Defendants. )<br>_____ )<br>MINERAL COUNTY, )<br><br>Plaintiff-Intervenor, )<br><br>v. )<br><br>WALKER RIVER IRRIGATION DISTRICT,<br>et al., )<br><br>Defendants. )<br>_____ ) | 3:73-cv-00128-MMD-WGC<br><br><br><br><br>**NOTICE IN LIEU OF SUMMONS** |

TO: _____:  (As _____ of _____

_____)

To the above-named Defendant:

You have been named as a Defendant in a civil action.  A *Second Amended Complaint in Intervention* has been filed in the United States District Court for the District of Nevada, Reno, Nevada, Case No. C-125, by Mineral County, Nevada.  The *Second Amended Complaint in Intervention* alleges that the State of Nevada and the Decree Court are obligated under the Public Trust Doctrine to modify the management of the Walker River system,

Page **1** of **2**

including modifications to the rules and regulations governing the administration of the Walker River Decree, so as to ensure adequate average annual inflows to Walker Lake.

This matter has been assigned docket number 3:73-cv-00128-MMD-WGC.

Pursuant to the Court's *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention*, responses to Mineral County's Second Amended Complaint in Intervention shall be filed 90 days from the date on which you are personally served or sign a Waiver of Personal Service of Notice in Lieu of Summons.

You or your counsel **are required**, within thirty (30) days after service of this *Notice in Lieu of Summons* upon you, to file with the Court the *Notice of Appearance and Intent to Participate* which applies to you and which is attached hereto.  If you fail to do so, you shall nevertheless be deemed to have notice of subsequent orders of the Court and subsequent pleadings filed and served in this matter.

No default will be taken against you for failure to appear, or for failure to respond to or otherwise defend against the *Second Amended Complaint in Intervention*.

DATED this ____ day of _____, 2021.


_____
Clerk of the Court

(Seal)

Order Approving Mineral County Service Package

**ATTACHMENT B**

(Order Relating to Completion of Service and Schedule for Responses to Mineral County's
Second Amended Complaint in Intervention)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 3:73-cv-00128-MMD-WGC |
| | ) |
|     Plaintiff, | ) |
| | ) |
| WALKER RIVER PAIUTE TRIBE, | ) |
| | ) **ORDER RELATING TO** |
|     Plaintiff-Intervenor, | ) **COMPLETION OF SERVICE** |
| | ) **AND SCHEDULE FOR** |
|     v. | ) **RESPONSES TO MINERAL** |
| | ) **COUNTY'S SECOND AMENDED** |
| WALKER RIVER IRRIGATION DISTRICT, | ) **COMPLAINT IN** |
| a corporation, et al., | ) **INTERVENTION** |
| | ) |
|     Defendants. | ) |
| _____ | ) |
| MINERAL COUNTY, | ) |
| | ) |
|     Plaintiff-Intervenor, | ) |
| | ) |
|     v. | ) |
| | ) |
| WALKER RIVER IRRIGATION DISTRICT, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

Mineral County is now ready to move forward with its final service efforts in this matter by personally serving those California riparian property owners in the Walker River Basin who have not previously waived personal service.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1.      Based on previous Orders of the Court, Rule 4 service on Decreed water rights holders is complete, *see* Doc. 725, and the final list of California riparian property owners in the Walker River Basin to be served pursuant to Rule 4 submitted by Mineral County is hereby approved and is attached hereto as Attachment A.

1

2.       On or before <u>December 31, 2021</u>, Mineral County shall make service pursuant to Rule 4 of the Federal Rules of Civil Procedure of a service package consisting of the following documents on all California riparian property owners in the Walker River Basin listed in Attachment A, who remain to be served:[1]

a.       *Notice in Lieu of Summons* properly issued by the Clerk of the Court;

b.       A copy of this Order;

c.       *Second Amended Complaint in Intervention* (Doc. No. 936);

d.       Forms for a *Notice of Appearance and Intent to Participate* as follows:

(i)       *Notice of Appearance and Intent to participate for Party Represented by Attorney*;

(ii)      *Notice of Appearance and Intent to Participate for Unrepresented Party Consenting to Electronic Service*;

(iii)     *Notice of Appearance and Intent to participate for Unrepresented Party Declaring Hardship Making Electronic Service Impossible*; and

e.       A form for a *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer.*

3.       Responses will be governed by the following provisions, which are included in the *Notice in Lieu of Summons* referenced in paragraph 2 of this Order:

a.       Responses to Mineral County's *Second Amended Complaint in Intervention* shall be filed and served as follows:

[1] Concurrently with this Order, the Court is issuing an *Order Approving Mineral County Service Package,* which approves the form and list of documents Mineral County will serve pursuant to this Order.

2

i. For Defendants who were served or who returned *Waivers of Personal Service of Notice in Lieu of Summons* forms prior to the entry of this Order, responses shall be filed and served no later than September 28, 2021; and

ii. For Defendants served after the entry of this Order, responses shall be filed and served no later than 90 days from the date on which the Defendant is served or signs a *Waiver of Personal Service of Notice in Lieu of Summons* pursuant to this Order.

b. Within thirty (30) days of service of the *Notice in Lieu of Summons* or signing of a *Waiver of Personal Service of Notice in Lieu of Summons*, any proposed Defendant who has been served and who wishes to appear in this subproceeding shall file with the Court the applicable *Notice of Appearance and Intent to Participate*.

c. Persons, corporations, institutions, associations or other entities who, at the time of service, no longer own a water right subject to this litigation[2] must file the *Disclaimer of Interest* form referenced in paragraph 7 of this Order with the Court within thirty (30) days of service.

4. If Mineral County intends to seek a waiver of personal service of the above documents, pursuant to the provisions of Fed. R. Civ. P. 4(d), Mineral County shall allow thirty (30) days for return of the *Waiver of Personal Service of Notice in Lieu of Summons* and shall include in the mailing the documents listed in paragraph 2 of this Order, except for the *Notice in Lieu of Summons* described in paragraph 2(a) above.[3]

---

[2] Pursuant to previous orders of this Court, (Doc Nos. 19 & 736) water rights that are subject to this proceeding include water rights under the Walker River Decree as well as existing and potential riparian water rights possessed by riparian land owners within the California portion of the Walker River Basin.

[3] Mineral County has represented to the Court that while it does not intend to seek waivers from all defendants listed on Attachment A who remain to be served, there may be a limited number of defendants from whom Mineral County will seek a waiver as a result of difficulties associated with personal service.

3

In addition to the documents listed in paragraph 2, the mailing to each such proposed Defendant seeking a waiver of personal service also shall include a *Notice of Lawsuit and Request for Waiver of Personal Service* of the documents included in the mailing and a *Waiver of Personal Service of Notice in Lieu of Summons* form generally in accordance with Forms 5 and 6 of the Federal Rules of Civil Procedure, respectively, but modified to cover service of the other documents included in the mailing.  The *Notice of Lawsuit and Request for Waiver of Personal Service of Notice in Lieu of Summons* and the *Waiver of Personal Service of Notice in Lieu of Summons* shall substantially conform to the *Notice of Lawsuit and Request for Waiver of Personal Service of Notice in Lieu of Summons* and the *Waiver of Personal Service of Notice in Lieu of Summons* approved by the Court in its *Order Approving Mineral County Service Package*.

5.      At such time as all service required by this Order is complete, Mineral County shall file a statement to that effect, including documentation of waiver of personal service for those defendants listed in Attachment A who returned a signed *Waiver of Personal Service of Notice in Lieu of Summons* form in 2015.

6.      Persons, corporations, institutions, associations or other entities who waive personal service or are personally served but who do not appear shall nevertheless be deemed to have notice of subsequent orders of the Court.

7.      No default shall be taken against any Defendant for failure to appear, or against any Defendant who, having appeared, fails to respond to or otherwise defend against the Second Amended Complaint in Intervention

8.      **Treatment of Defendants Who Transferred Their Interest(s) Prior to Service:**

Pursuant to the Court's September 6, 2011, *Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served* (Doc. No. 542), if any person or entity

4

receiving service by mail or personal service has no interest in any water right subject to this subproceeding, that person or entity shall file a Disclaimer of Interest notifying the Court in writing of that fact.  If such a person or entity sold or otherwise conveyed ownership of *all* water rights subject to this subproceeding before being served or otherwise brought into the subproceeding, in addition to disclaiming any interest in this subproceeding that person or entity shall file a Notice providing successor-in-interest information.

The form and substance of such a Disclaimer and Notice shall substantially conform to the form for a *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer* included in the service package approved by the Court in its *Order Approving Mineral County Service Package*, and shall be sent to the Court for filing.  Any person or entity who files a Disclaimer of Interest form or provides information for this purpose by other means is responsible for the accuracy of that filing.  Consequently, any person or entity who files a Disclaimer of Interest of water rights subject to this litigation but in fact retains any such water rights, shall nevertheless be bound by the results of this litigation.

Following its receipt from any person or entity disclaiming any interest in any of the water rights at issue in this case, Mineral County will review the materials received and, if appropriate, request that the Court dismiss that person or entity from this subproceeding.

DATED:  <u>July 19</u>, 2021

_____
UNITED STATES MAGISTRATE JUDGE

5

Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention

**ATTACHMENT A**
**(California Riparian Defendants)**

## California Riparian Defendants

1. 69 Ranch, Inc.
2. Aberizk, Debra A.
3. Adams, The Lester G. Adams and Jean D. Survivor's Trust, Vicki Kay Paulbick and Jean D. Adams, Trustees
4. Ahmad, Tariq
5. Alaniz, Nancy
6. Alaniz, Ricardo
7. Aliff, Jay W.
8. Aliff, Rebecca L.
9. Alston, Margaret
10. Amos, The Richard Douglas Revocable Living Trust, Dated December 11, 1992, Richard Amos, Trustee
11. Amp Films, Inc., DBA Paradise Shores RV Park
12. Andreasen, Earl
13. Annett Family Trust, Norman W. and Kellie Annett, Trustees
14. Antelope Valley Fire District
15. Arendas, Christine L.
16. Ashurst, Gary
17. Austin, Maybra A.
18. Babcock, E. & M. Revocable Trust, Dated September 20, 2015, Edward L. Babcock and Marilyn Babcock, Trustees
19. Bacon, The Exempt Decedent's Trust Under the Milton E., Jr. 1992 Trust Agreement (As Restated), Dated April 26, 2007, Mary Lee Parker Bacon, Edward Ford Bacon, and Katherine Bacon, Trustees
20. Bacon, The Nonexempt Decedent's Trust Under the Milton E., Jr. 1992 Trust Agreement (As Restated), Dated April 26, 2007, Mary Lee Parker Bacon, Edward Ford Bacon and Katherine Bacon, Trustees
21. Baima, Sandra K.
22. Baima, Thomas F.
23. Barnato, The Kathleen 2003 Living Trust, Dated March 23, 1994, Kathleen Bernato, Trustee
24. Barnes, The R. & A. Trust, Dated December 16, 1999, Robert I. and Agnes L. Barnes, Trustees
25. Batatian, Mark M.
26. Batatian, Patricia J.
27. Bentley Family Trust, Patty S. Bentley, Trustee
28. Berry, Thomas P.
29. Berry, Timothy
30. Berry, William S.

31. Berry-Rathsack, Lori
32. Billeb, Gregory
33. Billeb, James William
34. Boardman Family Trust, Dated April 30, 2008, Nancy Boardman, Trustee
35. Bostrom, Robert F.
36. Brandon, Arnold Dean
37. Brandon, Matthew Shane
38. Bridgeport Properties Trust, Dated October 25, 2006, Patrick Parraguirre, Trustee
39. Bridgeport Public Utility District
40. Bridgeport Storage Units, LLC
41. Bridges, Ann
42. Brooks 2009 Trust, John R. Brooks, Trustee
43. Brooks, The Lynnette L. Survivor's Trust, Lynette L. Brooks, Trustee
44. Brown, Estate of Roy A., Debi L. Smith, Executrix
45. Brown, Robert C. Family Trust, Dated February 28, 2014, Robert C. Brown, Trustee
46. Brown, William Elmwood
47. Brueckner, Eric
48. Bryant, Beverlee A.
49. Bryant, William A.
50. Bundy-Napp, The Leontine 2009 Trust, Leontine Bundy-Nappe, Trustee
51. Byrd, Jerry W.
52. Byrd, Nyla L.
53. Callahan, Michael D.
54. Cano, Albert G.
55. Carruth Family Trust, Dated August 2, 2001, Dennis C. and Lina S. Carruth, Trustees
56. Casados Living Trust, Dated December 10, 2009, Debra Lynn Casados, Trustee
57. Cassidy, Annette
58. Castaneda, Diana Theresa
59. Castaneda, Russell P.
60. Cavnar, Donn
61. Cecil, The John and Shirley Revocable Living Trust, John Dow and Shirley Diane Cecil, Trustees
62. Chango, Damian S.A.
63. Chichester, Gerry Trust, Dwain Chichester Trustee
64. Chichester, Alan
65. Chichester, Dwain
66. Chichester, Judy
67. Chichester, Lloyd K.
68. Chop, Frank Albert
69. Clark, The Family Trust, Dated June 11, 2009, Drew J. and Ruth E. Clark, Trustees

70.     Clark, Veronica I.
71.     Cleatus, Scott Hays
72.     Clifton, Charles G.
73.     Cochran, Lauretta L.
74.     Cochran, Phillip A.
75.     Coffron, James R.
76.     Coffron, Judith M.
77.     Cordtz, Jeff
78.     Cowcamp, LLC
79.     Curry Family Trust, Dated June 14, 2011, Robert R. Curry and Bonnie L. Curry, Trustees
80.     Curti Land Company, LLC
81.     Curti Ranch, LLC
82.     Daniels, Victoria
83.     Davis Diane L.
84.     Davis, Karen A.
85.     Disbro, Heather J.K.
86.     Disbro, James S.
87.     Donahue, Karen
88.     Donahue, Roger
89.     Donovan, Dwight
90.     Donovan, Heather
91.     Double R. Family Ranch, LLC
92.     Drew, Stella Marie
93.     Duncan, Loraine
94.     Dunn, Robert
95.     Dunn, Tammy
96.     Durfee Trust, Dated October 19, 2007, James Lee and Kathryn M. Durfee, Trustees
97.     Dykes, Gary P.
98.     Eastern Sierra Land Trust
99.     Eaton, The K. J. Family Trust, Dated October 25, 2011, Kenneth A. and Joan C. Eaton, Trustees
100.    Eberhardt, Richard L.
101.    Eberhardt, Susan W.
102.    Emery, Dawne
103.    Emery, The Brett A. Revocable Trust UTD December 27, 1999, Brett A. Emery, Trustee
104.    Enos, The Maynard M. Enos and Ann L. Revocable Trust Under Trust Agreement Dated March 16, 1995, Maynard M. and Anne L. Enos, Trustees
105.    Etcheberry Family Trust, Paul W. Etcheberry and Lois E. Etcheberry Trustees

California Riparian Defendants
Page **3** of **10**

106.    Farias Trust, The, Dated September 1, 2016, Leslie Farias Trustee

        +

107.    Fascia, Erick R.
108.    Felber, The John H. Trust, Dated September 4, 2002, John H. Felber, Trustee
109.    Finch, Sandee F. Revocable Trust, Sandee F. Wills, Trustee
110.    Freer, The Linda Family Trust, Dated November 23, 2003, Linda Freer, Trustee
111.    Fulstone, Suellen
112.    Gansberg Family Trust, Dated December 22, 2003, Chris and Faye Gansberg Trustees
113.    Gansberg, Todd 2021 Trust, Todd C. Gansberg, Trustee
114.    Gansberg, Todd C.
115.    Gerbig, Josephine A.
116.    Gilleland, Avery C., Jr.
117.    Gilleland, Theresa A.
118.    Gilster, The George W. Gilster and Carol D. Family Trust, Dated August 27, 1990, George W. and Carol D. Gilster, Trustees
119.    Giovacchini Family 1989 Trust, Trust "A", Sherri Billman, Trustee
120.    Gladding Family 1995 Trust, The, Marion A. Gladding, Trustee
121.    Gomes, Christopher J.
122.    Gomes, Samantha S.
123.    Graves, Olive Mae Trust, Olive Mae Graves, Trustee
124.    Hair, Rochelle
125.    Haley Underground, Inc.
126.    Hall Family Trust, The, Dated May 6, 1986, Mark H. Hall and Nadine Hall, Trustees
127.    Hall, The Chad T. Irrevocable Trust, Dated January 1, 1989, Mark H. Hall, Trustee
128.    Hall, The Gregson B. Irrevocable Trust, Dated January 1, 1989, Mark H. Hall, Trustee
129.    Hall, The Mark H. Irrevocable Trust, Dated January 1, 1989, Mark H. Hall, Trustee
130.    Hamlin, David R.
131.    Hamlin, Joyce
132.    Hamlin, Robert E.
133.    Hampel Living Trust, Dated March 20, 2006,  Robert and Annette L. Hampel, Trustees
134.    Haramis Family Trust, Dated May 31, 2018, Costa and Alison Haramis, Trustees
135.    Harmon, The Everett E. and Caroline F. Family Trust, Everett E. and Caroline F. Harmon, Trustees
136.    Hawkins, Cole C.
137.    Hays, Ivan E.
138.    Hersey, Estate of Clair L.

139. Hickey Living Trust, The, Dated April 4, 2001, Patrick and Shin M. Hickey, Trustees

140. Hilton, William Barron Trust U/D/T March 16, 1992, William Barron Hilton, Trustee

141. Himmelrick, Jeffrey C.

142. Himmelrick, Martha

143. Hoffman Revocable Trust, Dated February 11, 2019, Walter and Kathleen Hoffman, Trustees

144. Hollender, George W.

145. Holmberg, Michael Frederick

146. Hontalas Trust, Dated August 30, 2012, Theodore J. Hontalas and Randi M. Hontalas, Trustees

147. Hudeco, Inc.

148. Huggans Survivors Trust, Jan K. Huggans, Trustee

149. Humiston, Karin S.

150. Hussman, Mary Fulstone

151. Hysell Family Trust, Carol Hysell, Trustee

152. Johnson, Laurence William and Janus Leta Trust/Survivor's Trust, Dated December 7, 2005, Janus Leta Baez, Trustee

153. Johnson, Richard D.

154. Johnson, The Donald M. Trust, Created December 3, 2009, Donald M. Johnson, Trustee

155. Joseph, Marcia

156. Katusich, Mary L.

157. Katusich, Michael W.

158. Kelly Family Trust, Dated November 1, 2017, Timothy and Lisa Kelly, Trustees

159. Kelly, James V.

160. Kelly, Suzanne D.

161. Kircher, Roger R. 2005 Revocable Trust, Roger R. Kircher, Trustee

162. Knauss, Mark A.

163. Koketsu, Kristen Asano

164. Kraft, Kevin G.

165. Kraft, Trust "B" Warren J. Kraft and Carrell B. Declaration of Trust Dated July 2, 1987, Warren J. Kraft, Trustee

166. Lafferty 2001 Family Trust, Dated November 26, 2001, Loren W. Lafferty and Elizabeth T. Lafferty, Trustees

167. Lancaster Family Living Trust, Shirley J. and Wallace A. Lancaster, Trustees

168. Lembas, The Barbara J. 1982 Trusts, Dated December 8, 1982, Barbara J. and Gerald G. Lembas, Trustees

169. Lezak 2009 Revocable Family Trust, Dated April 27, 2009, Cheryl Lezak, Trustee

170.   Linn, The 2013 Family Trust, Dated June 12, 2013, Steven J. and Kathleen L. Linn, Trustees
171.   Little, Brinn E. (DBA Virginia Creek Settlement)
172.   Little, James Edgar (DBA Virginia Creek Settlement)
173.   Locke, Karen M.
174.   Locke, Michael E.
175.   Long, R. D. Long and Terry R. Trust, Dated June 10, 1997, Richard and Terry Long, Trustees
176.   Lozenski, James L.
177.   Macbride, John
178.   Macbride, Pam A.
179.   Madrigal, Maria C.
180.   Marine, Robert P. Marine and Rose M. Revocable Living Trust, Dated January 11, 1990, Robert P. Marine and Rose M. Marine, Trustees
181.   Marsh, Bick
182.   Marti, The Family Trust, Dated June 21, 2013, Stephen A. and Loretta B. Marti, Trustees
183.   Martin, The 2005 Lenore Revocable Trust, Dated March 31, 2005, Lenore M. Martin, Trustee
184.   Martinez, Marlene Ann
185.   Masterson, Marianne J. 2000 Living Trust, Marianne J. Masterson, Trustee
186.   May Living Trust, Dated December 30, 2019, Michael M. May, Trustee
187.   May, Michael L. Trust, Dated July 7, 2010, Michael L. May, Trustee
188.   Mayer, Linda D.
189.   Mayer, William T.
190.   McCann, John C.
191.   McCoy Cheryl Ann
192.   McDevitt, Daniel P.
193.   McDonnell, Patricia Trust, McDonnell Patricia, Trustee
194.   McKnight, Janice
195.   McKnight, John
196.   McPhee, Allan E.
197.   Mendoza, Ann
198.   Mendoza, Ralph
199.   Mondon, Perry R.
200.   Morehead, Hilton 2009 Trust, Dated September 21, 2009, Martin Andrew Hilton and Elizabeth Riegle Morehead, Trustees
201.   Morris, Brianna
202.   Morris, Lori A.
203.   Morris, Robert D.

California Riparian Defendants
Page **6** of **10**

204. Mueller Family Trust, Dated September 20, 2018, Joseph R. Mueller and Shelby M. Mueller, Trustees
205. Neff, Brian Wayne
206. Neff, Colleen
207. Neff, Glenn
208. Nelson, Jeanette
209. Newbold, Richard D.
210. Newell, James Allen
211. Newell, Patricia Black
212. Nolan, Angelle
213. Nolan, Edward T.
214. Ocheltree, Jeffrey
215. Ocheltree, Tammy
216. Ocskay, Oliver
217. Orchard, The Cathleen  Living Trust, Dated March 16, 2000, Cathleen Orchard, Trustee
218. Ossofsky, William E.
219. Padgett, Dawn L. Revocable Trust, Dated January 25, 2006, Dawn L. Padgett and Dick Padgett, Trustees
220. Pagni, David L.
221. Pahmeier, Gailmarie
222. Park Livestock Co., Inc.
223. Park, Estate of Brooks, David Wallace Park and Katie Park Executors
224. Park, Estate of Jeanne C., David Wallace Park and Katie Park Executors
225. Parker, Caroline A.
226. Parraguirre, P.C. Family Trust, Dated April 13, 1993, Ronald and Kathleen Parraguirre, Trustees
227. Pemberton, The Lynda A. Revocable Living Trust, Dated June 14, 1997, Lynda A. Pemberton, Trustee
228. Peters, John
229. Pierce, George A. Pierce and Evangelina C. Revocable Living Trust, George A. Pierce and Evangelina C. Pierce, Trustees
230. Pinecrest on Hackamore, LLC
231. Poore Family Trust, Dated October 4, 2019, Danny Dale Poore and Melissa L. Poore, Trustees
232. Presto Revocable Trust, Renee Presto, Trustee
233. Prindiville, The Family Trust, Dated October 13, 1994, Michael John and Penny Louise Prindiville, Trustees
234. Pritchett, Sandra L.
235. Quinlan/Tiernan Family Trust, The, U/D/T Dated December 18, 1995, Timothy Bev Tiernan and Katherine Jane Quinlan, Trustees
236. Reck, Kristy Lin

237.    Reck, Ronald Ray

238.    Reed, Brian R.

239.    Rehm, Rudolph

240.    Rich, Margaret

241.    Rich, Roxanne E.

242.    Rowan, Mary Jean

243.    Rudd, Laurel L.

244.    Russell, Lynn M. Revocable Living Trust U/A/D October 30, 2007, Lynn M.
        Russell, Trustee

245.    Sain, The Harry M. Sain and Mary Phyllis Trust Agreement, Dated January 26,
        1993, Harry M. Sain and Mary Phyllis Sain, Trustees

246.    Sanchez, Jamie L.

247.    Sceirene Enterprises, LLC

248.    Joe and David Sceirine Ranches

249.    Schoonover Family Trust, Dated May 29, 2003, John B. and George Ann
        Schoonover, Trustees

250.    Sciarani, Arnold Mark

251.    Sciarani, Arnold Revocable Living Trust, Dated January 4, 2018, Arnold M.
        Sciarani, Trustee

252.    Sciarani, E., Inc.

253.    Seago, Joanne Living Trust, Joanne Seago, Trustee

254.    Segerstom, Ann Elizabeth

255.    Segerstrom, David Charles

256.    Segerstrom, Donald I.

257.    Segerstrom, Estate of James Farrell, Shiree Segerstrom, Executrix

258.    Segerstrom, Steven Henry

259.    Sergieff, Sally

260.    Shanahan Family Trust, Patricia Boardman, Trustee

261.    Sierra East Homeowners' Association

262.    Silvester Family Trust, Dated May 27, 2009, Gerry and Margaret Silvester, Trustees

263.    Sims, Nancy W.

264.    Skinner/Galisky Family Trust, Dated April 1, 2016, David Skinner and Elaine
        Galisky, Trustees

265.    Skvarna, Edward B.

266.    Smith, Barbara

267.    Smith, Debi L.

268.    Smith, The Inter-Vivos, Revocable Family Trust of Norville W. Smith and Indra A.,
        Norville and Indra Smith, Trustees

269.    Sportsmens Bar & Grill LLC

270.    Stai, Isla M.

271.  Stoffel, The Family Trust U/D/T November 26, 2002, George Donald and Marilyn Stoffel, Trustees
272.  Stone Family Trust, The, Dated November 25, 2008, Daniel and Cynthia Stone, Trustees
273.  Stone, Douglas D.
274.  Stone, Holly A.
275.  Stoy Family Trust, Dated October 22, 2015, Karl E. Jr and Jane E. Stoy Trustees
276.  Strong, Charles W.
277.  Strong, Cornelia Susan
278.  Swearngin, Mary
279.  Swearngin, Stephan
280.  Sweetwater Project, LLC
281.  Testerman, Marvin R.
282.  The Wildlands Conservancy
283.  Tholke, Rachel Smith 1982 Trust, Dated May 9, 1982, Dawn R. Cooper, Successor Trustee
284.  Thompson, R.D. & S.K. Trust, Richard D. Thompson and Sharon K. Thompson, Trustees
285.  Thompson, Richard C.
286.  Tiernan, Carolyn
287.  Topaz Ranch, Inc.
288.  Torres, Elizabeth
289.  Torres, Merlin
290.  Triple D Ranches, LLC
291.  Ullman Livestock, LLC
292.  Valdez, Ramon & Myrna Revocable Trust, Ramon V. Valdez and Myrna E. Valdez, Trustees
293.  Valladon, The Brad E. Trust, Dated September 22, 2011, Brad E. Valladon, Trustee
294.  Vaughan, Katherine
295.  Ventura Hotel Corporation
296.  Verdugo, Gayle H.
297.  Verdugo, Paul R.
298.  Walker Baptist Church, Inc.
299.  Walker River Ranch, LLC
300.  Wallace, Karen
301.  Wallace, Earl K.
302.  Webb, Carolyn J.
303.  Webb, John S.
304.  Wehausen, John
305.  Weil, Meghan M.
306.  Weil, Robert B
307.  Welsh, Diane Jeanne

California Riparian Defendants
Page **9** of 10

308. Welsh, Ned
309. Westfork
310. White Trust, Dated November 6, 1990, Jefferey A. and Sharon E. White, Trustees
311. White, Barry W.
312. Willis, Marlene
313. Willis, Randall
314. Woods, Eric
315. Woods, Merrilee Gray
316. Woodworth Family Trust, Bruce and Alison Woodworth, Trustees
317. Woodworth, Bruce
318. WRL, LLC
319. Zakar, Raymond
320. Zetterbaum Trust, Dated October 2, 1991, Martha and J.M. Zetterbaum, Trustees

Order Approving Mineral County Service Package

**ATTACHMENT C**
(Second Amended Complaint in Intervention)

Order Approving Mineral County Service Package

Simeon M. Herskovits, Nevada Bar No. 11155
Iris Thornton, *pro hac vice*
Advocates for Community and Environment
P.O. Box 1075
El Prado, New Mexico 87529
Phone:  (575) 758-7202
Fax:  (575) 758-7203
Email:  simeon@communityandenvironment.net
Email:  iris@communityandenvironment.net

Sean A. Rowe, Nevada Bar No. 10977
Mineral County District Attorney
P.O. Box 1210
Hawthorne, Nevada 89415
Phone:  (775) 945-3636
Fax:  (775) 945-0740
Email:  srowe@mineralcountynv.org

*Attorneys for Mineral County, Plaintiff-Intervenor*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | IN EQUITY NO. C-125-MMD |
| ) | Subproceeding:  3:73-CV-00128-MMD-WGC |
| WALKER RIVER PAIUTE TRIBE, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| vs. ) | **SECOND AMENDED** |
| ) | **COMPLAINT IN INTERVENTION** |
| WALKER RIVER IRRIGATION DISTRICT, ) | |
| a corporation, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MINERAL COUNTY, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| vs. ) | |
| ) | |
| WALKER RIVER IRRIGATION DISTRICT, ) | |
| a corporation, et al., ) | |
| ) | |
| Defendants. | |

COMES NOW, Plaintiff-Intervenor, MINERAL COUNTY, NEVADA, by and through its attorneys of record, Simeon Herskovits and Iris Thornton of Advocates for Community and Environment, and Sean Rowe, Mineral County District Attorney, on its own behalf and for the benefit of the citizens, residents, and users of Walker Lake ("the Lake"), and pursuant to the Court's direction (Doc. No. 926) files this *Second Amended Complaint in Intervention*, which supplements Mineral County's *Amended Complaint in Intervention* filed March 10, 1995.[1] *See* Doc. No. 20.

I.

INTRODUCTION

1.      Mineral County's *Second Amended Complaint in Intervention* seeks to enforce the State of Nevada's and the Decree Court's continuing public trust duty to maintain minimum average annual inflows from the Walker River system into Walker Lake, in sufficient quantity to replenish and maintain the Lake over the long term to sustain the Lake's environmental, wildlife, recreational, aesthetic, and economic values for current and future generations of Nevadans and the general public.  This public trust obligation encompasses the restoration and maintenance of the Walker Lake ecosystem to a condition which will sustain a healthy put-grow-and-take Lahontan cutthroat trout fishery in a manner which properly balances and protects agricultural, economic, environmental, recreational, aesthetic, and wildlife habitat values in the Walker River Basin, including Walker Lake.

---

[1] On March 10, 1995, Mineral County also filed a *Motion for Preliminary Injunction* and supporting affidavits, which affidavits are equally applicable to this *Second Amended Complaint in Intervention*.  *See* Doc. No. 22.

II.

PARTIES

2.      Plaintiff-Intervenor, MINERAL COUNTY, NEVADA, appears in this case on its own

behalf, for the benefit of the citizens and residents of Mineral County, and on behalf of the

public.  Mineral County is the political subdivision that completely contains Walker Lake, and

the health of Walker Lake directly and dramatically affects the quality of life, general welfare,

and the economic, aesthetic, and recreational wellbeing of the County itself and of its residents.

Mineral County is duly established under the laws of the State of Nevada and retains all rights

delegated pursuant to NRS 244.165 with the capacity to sue in its own name.

3.      Respondents are all surface water users on the Walker River and its tributaries as set forth

in the Final Walker River Decree, all surface water users on the Walker River and its tributaries

who appropriated water subsequent to the entry of the Walker River Decree, owners of riparian

water rights by virtue of riparian land ownership in the California portion of the Walker River

Basin, and entities with statutory or regulatory authority over the allocation and protection of the

waters of the Walker River and of Walker Lake.  *See Order Requiring Service of and*

*Establishing Briefing Schedule Regarding the Motion to Intervene of Mineral County* (Feb. 9,

1995) (Doc. No. 19); *Mineral County's Amended Complaint in Intervention* (Mar. 10, 1995)

(Doc. No. 20); *Summary for the Status Conference Held November 4, 2013* (Nov. 20, 2013)

(Doc. No. 733).

III.

JURISDICTION

4.      This Court has jurisdiction over this *Second Amended Complaint in Intervention*,

because:  (i) as the Decree Court, the Court has continuing jurisdiction, by virtue of the Decree

entered herein, over the waters of the Walker River and its tributaries in California and Nevada to change the duty of water and for correcting or modifying the Decree, and also for regulatory purposes, including changing the place of use of any water user; (ii) 28 U.S.C. § 1367 vests the Court with supplemental jurisdiction; (iii) 28 U.S.C. § 1651 authorizes the Court to issue all writs necessary or appropriate in aid of its jurisdiction; and (iv) 28 U.S.C. § 1331 grants the Court jurisdiction by virtue of the fact that the matter in controversy arises under the Constitution, laws, or treaties of the United States.

IV.

GENERAL ALLEGATIONS

5.      Walker Lake is a rare desert terminus lake located in Mineral County, Nevada, that is one of Nevada's most precious natural water resources.

6.      Walker Lake's primary source of water is inflow from the Walker River, which is an interstate stream system.  Dr. Saxon E. Sharpe, Dr. Mary E. Cablk, & Dr. James M. Thomas, Desert Research Institute, *The Walker Basin, Nevada and California: Physical Environment, Hydrology, and Biology, Publication No. 41231*, at 13-14 (May 2008), available at http://water.nv.gov/hearings/past/National%20Fish%20and%20Wildlife%20Foundation/Exhibits /NFWF/NFWF_Exh%20089%20- %20080501%20DRI%20Walker%20Basin%20Pub%20No%2041231.pdf.

7.      Historically, the Lake supported a balance of algae, zooplankton, small crustaceans, insects, and four native fish species: the tui chub, Lahontan cutthroat trout, speckled dace, and Tahoe sucker.  Sharpe, et al., *supra*, at 36.  The Lahontan cutthroat trout is listed as threatened under the federal Endangered Species Act. 40 Fed. Reg. 29,864 (1975).  The tui chub is identified as a "subspecies of concern" by the American Fisheries Society.

8.      Walker Lake also has provided important, scarce habitat for a variety of migratory birds, including American white pelicans, common loons, snowy plovers, longbilled curlews, double crested cormorants, gulls, herons, terns, grebes, avocets, and many others.  *See* Sharpe, et al., *supra*, at 27, 32, & 39.

9.      As upstream appropriations and consumptive uses of water from the Walker River and its tributaries increased over the 20th Century, the natural flow of water into Walker Lake was almost entirely cut off.

10.     In 1882, the level of Walker Lake was 4,082 feet above sea level.  *See* U.S. Geological Survey, Scientific Investigations Report No. 2007-5012 ("USGS SIR 2007-5012") at 1, available at https://pubs.usgs.gov/sir/2007/5012/pdf/sir20075012.pdf.

11.     As of June 29, 2021, the Lake's elevation had receded to approximately 3,914.25 feet above sea level, a decline of 167.75 feet above mean sea level from levels observed prior to the initiation of upstream agricultural diversions.[2]

12.     This drop in elevation resulted in a decrease in Lake volume from approximately 9.0 million acre feet in 1882 to 1.135 million acre feet in June of 2021.[3]

13.     As water volume decreased, salinity and total dissolved solids in the Lake increased.

14.     In 1882, the salinity of Walker Lake as measured by total dissolved solids ("TDS") was 2,500 milligrams per liter ("mg/l").  USGS Scientific Investigations Report 2007-5012 at 1.

15.     As of November 2020, the salinity had increased to roughly 22,000 mg/l TDS.[4]

---

[2] Data available at USGS Station 10288500, Walker Lake near Hawthorne, NV, http://waterdata.usgs.gov/nv/nwis/uv/?site_no=10288500&agency_cd=USGS&amp.
[3] *See id*.; *see also* USGS SIR 2007-5012, App. A.
[4] Data available at https://nwis.waterdata.usgs.gov/usa/nwis/qwdata/?site_no=384200118431901.

16.     This impact to water quality has severely degraded the entire ecosystem of Walker Lake, resulting in a devastating loss of biodiversity.  What had been a healthy Lahontan cutthroat trout fishery, that was maintained by stocking after dams on the Walker River prevented natural spawning, has been eliminated for the time being by the diminished inflows to Walker Lake and resulting degraded water quality in the Lake.  The severity and continued worsening of the damage to Walker Lake due to the inadequacy of inflows from the Walker River system has caused the near total loss of the Lake's environmental, economic, recreational, and aesthetic values to the public at large, Nevadans in particular, and Mineral County and its residents most egregiously.

17.     For generations, Walker Lake supported the economy of Mineral County as a fishery and recreation area.  Restoration and maintenance of a healthy fishery and recreation area at Walker Lake is critical to Mineral County's tax base and economy.

18.     Pursuant to funding and direction provided by the United States Congress, the Walker Basin Conservancy was established to oversee a program of water rights acquisitions and other measures to restore Walker Lake and address other issues in the Walker River Basin.  That program, however, only has enough funding to provide for a partial restoration of the increased inflows needed from the Walker River system to restore Walker Lake's public trust values. There remains a need for other measures to provide additional flows of water from the Walker River system into Walker Lake to restore the Lake's fishery and its other public trust values.

V.

STATEMENT OF CLAIM

19.     Paragraphs 1 through 18 are incorporated herein as if fully set forth in this paragraph 19.

20.     The statutory and common law of Nevada, including the public trust doctrine, imposes an

affirmative duty on both the State of Nevada and the Decree Court to exercise continuing

regulatory and administrative power over the waters and water rights of the Walker River system

to ensure that sufficient average annual inflows reach Walker Lake to restore and maintain Lake

elevation and salinity levels sufficient to support the Lake's Lahontan cutthroat trout fishery,

which also will restore the Lake's other public trust values, including environmental, wildlife,

recreational, and aesthetic values, for current and future generations of Nevadans and the public.

21.     By permitting excessive and unreasonable upstream consumptive uses to reduce average

annual inflows to Walker Lake to the detriment of the Lake's public trust values, the Decree

Court and State of Nevada have violated this continuing duty under the public trust doctrine to

maintain Walker Lake in a reasonable state of environmental health.

22.     This public trust obligation requires the restoration and maintenance of the Walker Lake

ecosystem to a condition which will sustain a healthy put-grow-and-take Lahontan cutthroat trout

fishery in a manner which will properly balance and protect the agricultural, economic,

environmental, recreational, aesthetic, and wildlife habitat values of Walker Lake and the Walker

River Basin.

23.     Specifically, to support a reasonably healthy Lahontan cutthroat trout fishery, the public

trust doctrine imposes a continuing duty on the part of both the State of Nevada and the Decree

Court to manage or administer the waters and water rights of the Walker River system in a

manner that ensures that Walker Lake is maintained at a minimum water level of approximately

3,965 feet above mean sea level, or a Lake salinity level of 10,000 mg/l TDS.

        WHEREFORE, Plaintiff-Intervenor Mineral County, Nevada, prays that this Court

exercise its continuing regulatory and administrative authority under the Walker River Decree

and Nevada water law, including the public trust doctrine, to enter judgment and decree, taking as many of the following actions as necessary to restore and maintain Walker Lake's public trust values:

1.      Declaring that the State of Nevada and the Decree Court have a continuing affirmative duty, pursuant to the public trust doctrine, to manage the Walker River system so as to ensure that flows from the system into Walker Lake are increased so as to restore and maintain the Lake at a minimum water level of 3,965 feet above mean sea level, and to ensure that a total dissolved solids level of 10,000 mg/l is achieved and maintained at Walker Lake to support a healthy put-grow-and-take Lahontan cutthroat trout fishery;

2.      Declaring that the State of Nevada and the Decree Court historically have failed to fulfill their continuing affirmative duty, pursuant to the public trust doctrine, to manage the Walker River system so as to ensure that the public trust values of Walker Lake are maintained;

3.      Amending the 1953 Rules and Regulations for the Distribution of Water of the Walker River Stream System Under the Provisions of Paragraph 15 of Decree in Equity No. C-125 ("1953 Rules and Regulations"), to modify the formula used to establish the quantity of water available for diversion on an annual basis so as to provide for increased average annual inflows to Walker Lake to assist in achieving and maintaining the minimum Lake level and maximum total dissolved solids level referenced herein;

4.      Regulating the use of water from the Walker River system consistent with the State of Nevada's and the Court's public trust duty with regard to Walker Lake, and mandating temporary restrictions in years of shortage;

5.      Amending the 1953 Rules and Regulations to require that water in excess of that needed to satisfy all Decreed rights be delivered to the Lake in wet years instead of being delivered to Decreed rights holders on a pro-rata basis;

6.      Amending the 1996 Administrative Rules and Regulations Regarding Changes in Point of Diversion, Manner of Use or Place of Use of Water of the Walker River and Its Tributaries and Regarding Compliance with California Fish and Game Code Section 5937 and Other Provisions of California Law ("1996 Rules and Regulations") to require denial of change applications which would have a negative impact on flows to Walker Lake;

7.      Declaring the Walker River system overappropriated, cancelling all unperfected permits for which the works necessary to place water to beneficial use have not yet been constructed and for which the deadline for filing proof of beneficial use has passed, and requiring denial of all pending applications for additional new appropriations or impoundments which could reduce average annual inflows to Walker Lake;

8.      Cancelling water rights or portions of water rights for which the necessity of use does not exist or for which no beneficial use can be demonstrated and requiring that such water be permitted to flow to Walker Lake and considered unavailable for future appropriation;

9.      Finding that Decreed water rights have been abandoned where water has not been put to beneficial use as required by Nevada law and requiring that such water be permitted to flow to Walker Lake and considered unavailable for future appropriation;

10.     Modifying delivery schedules from and management of Topaz and Bridgeport Reservoirs to maximize water delivery to Walker Lake;

11.     Amending Section 2.4 of the 1996 Rules and Regulations to require change applications within the boundaries of the Walker River Irrigation District to be subject to the same procedures required of all other change applications in the Walker River Basin;

12.     Mandating efficiency improvements to on and off-farm irrigation water delivery systems and to the Walker River channel and tributaries, and mandating that the State of Nevada provide funding

to pay for such efficiency improvements and to purchase water saved thereby to change to instream use for the benefit of Walker Lake;

13.     Directing the United States Board of Water Commissioners and the Water Master to monitor and prevent unreasonable use or waste of water in the Walker River Basin and imposing penalties for such use or waste;

14.     Adopting rules for the enforcement of penalties for unauthorized diversions and water uses;

15.     Mandating that the State of Nevada develop a plan for fulfilling its public trust duty to Walker Lake and provide the funding necessary to implement that plan;

16.     Mandating that the surplus flows covered by the water right held by the Nevada Department of Wildlife ("NDOW") under Certificate No. 10860 be automatically delivered to Walker Lake when conditions permit without NDOW having to call for such delivery;

17.     Mandating that NDOW change the purpose and place of use of its water rights, or a portion thereof, presently used for the artificially created Mason Valley Wildlife Management Area to instream use for the benefit of Walker Lake in order to fulfill the State's continuing public trust duty to maintain Walker Lake's public trust values for future generations;

18.     Mandating that the State of Nevada fund programs for temporary and permanent water delivery measures, including water leasing and purchase programs, to deliver additional water to Walker Lake sufficient to achieve and maintain the Lake and TDS levels referenced herein as necessary to support a healthy put-grow-and-take Lahontan cutthroat trout fishery;

19.     Ordering that the Water Master facilitate delivery to Walker Lake of all water under water rights changed permanently or temporarily to instream use to benefit Walker Lake without any added delay or expense;

20.     Amending the 1953 Rules and Regulations to add a seventh Division to the Walker River Basin management regime consisting of Walker Lake;

21.     Modifying the 1953 Rules and Regulations to change the makeup of the Board of Water

Commissioners so as to ensure that Mineral County, Walker Lake, and the public's interest in Walker

Lake are adequately represented;

22.     Mandating that management of the Walker River system under the Walker River Decree be

conducted in a transparent fashion, including creation of a publicly accessible website where real-

time water delivery and stream flow data will be posted;

23.     Ordering that real-time gauging stations be installed at all significant points of diversion in

the Walker River system, including ordering that a gauge station be installed at the mouth of Walker

Lake, which will enable the Court, the State of Nevada, and all parties to accurately monitor

diversions and inflows to the Lake; and

24.     Granting such other and further relief as it deems just and proper.

Respectfully submitted this 30th day of June, 2021,

/s/ Simeon M. Herskovits

Simeon M. Herskovits, Nevada Bar No. 11155
Iris Thornton, *pro hac vice*
Advocates for Community and Environment
P.O. Box 1075
El Prado, New Mexico 87529
Phone: (575) 758-7202
Fax: (575) 758-7203
Email: simeon@communityandenvironment.net
Email: iris@communityandenvironment.net

/s/ Sean A. Rowe

Sean A. Rowe, Nevada Bar No. 10977
Mineral County District Attorney
P.O. Box 1210
Hawthorne, Nevada 89415
Phone: (775) 945-3636
Fax: (775) 945-0740
Email: srowe@mineralcountynv.org

*Attorneys for Mineral County, Nevada*

1    Order Approving Mineral County Service Package

2

3

4

5

6

7

8

9

10

11

12

13

14

15                          **ATTACHMENT D**
16          (Notice of Appearance and Intent to Participate for Party Represented by Attorney)

17

18

19

20

21

22

23

24

25

26

27

28

Order Approving Mineral County Service Package

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:73-cv-00128-MMD-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| WALKER RIVER PAIUTE TRIBE, | ) | |
| | ) | **NOTICE OF APPEARANCE AND** |
| Plaintiff-Intervenor, | ) | **INTENT TO PARTICIPATE FOR** |
| | ) | **PARTY REPRESENTED BY** |
| v. | ) | **ATTORNEY** |
| | ) | |
| WALKER RIVER IRRIGATION DISTRICT, | ) | |
| a corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| MINERAL COUNTY, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALKER RIVER IRRIGATION DISTRICT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:  Counsel of record for Mineral County, Nevada, the Walker River Irrigation District, United States, Walker River Paiute Tribe, Nevada Department of Wildlife, the California State Agencies (State Water Resources Control Board, Department of Fish and Wildlife, and Department of Parks and Recreation), State of California, and the United States Board of Water Commissioners

You are hereby notified that _____ enters

an appearance of record in the above-captioned matter as legal counsel for _____

_____.

**CERTIFICATE OF SERVICE**

I certify that on _____, 2021, I filed the foregoing with the Clerk of

the Court, which will send notification of such filing via the CM/ECF system to the parties of

record represented by an attorney and by email to unrepresented parties consenting to electronic

service.

_____

Order Approving Mineral County Service Package

**ATTACHMENT E**
(Notice of Appearance and Intent to Participate for Unrepresented Party
Consenting to Electronic Service)

Order Approving Mineral County Service Package

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:73-cv-00128-MMD-WGC |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| WALKER RIVER PAIUTE TRIBE, | ) | |
| | ) | **NOTICE OF APPEARANCE AND** |
|     Plaintiff-Intervenor, | ) | **INTENT TO PARTICIPATE FOR** |
| | ) | **UNREPRESENTED PARTY** |
|     v. | ) | **CONSENTING TO ELECTRONIC** |
| | ) | **SERVICE** |
| WALKER RIVER IRRIGATION DISTRICT, | ) | |
| a corporation, et al., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| MINERAL COUNTY, | ) | |
| | ) | |
|     Plaintiff-Intervenor, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| WALKER RIVER IRRIGATION DISTRICT, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

TO:  Counsel of record for Mineral County, Nevada, the Walker River Irrigation District, United States, Walker River Paiute Tribe, Nevada Department of Wildlife, the California State Agencies (State Water Resources Control Board, Department of Fish and Wildlife, and Department of Parks and Recreation), and the United States Board of Water Commissioners

    You are hereby notified that _____ enters

an appearance of record in the above-captioned matter, and consents to receive electronic notice

of filings and/or delivery of documents by electronic means at the e-mail address provided.  This

consent is limited to notification of documents filed in this case in which I am a defendant, and

consists of electronic notice of any Order or other filing with a link to the filed document and

docket sheet on a separate website.  I understand that if my e-mail address and/or mailing address

changes, it is my responsibility to notify the Court in writing of my new email address and/or new

mailing address, as applicable, and that if I fail to do so, I will nevertheless be deemed to have

notice of all subsequent Orders and filings in this case.

Name:  (Please print legibly) _____

Telephone Number: _____

E-mail Address: _____

Confirm E-mail Address: _____

Mailing Address: _____

_____

      I declare under the penalty of perjury that the above is true and correct.

Signature: _____

Date: _____

      Mail Notice and any changes of mailing and/or e-mail address to:

        U.S. District Court Clerk, Attn. 3:73-cv-00128-MMD-WGC Notice Clerk
        Bruce R. Thompson Courthouse
        400 S. Virginia Street, Room 301
        Reno, Nevada 89501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on _____, 2021 I filed the foregoing with the Clerk of

the Court, which will send notification of such filing via the CM/ECF system to the parties of

record represented by an attorney and by email to unrepresented parties consenting to electronic

service.

_____

Order Approving Mineral County Service Package

**ATTACHMENT F**
(Notice of Appearance and Intent to Participate for Unrepresented Party
Declaring Hardship Making Electronic Service Impossible

Order Approving Mineral County Service Package

1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

3   UNITED STATES OF AMERICA,                 )   3:73-cv-00128-MMD-WGC
                                              )
4            Plaintiff,                        )
                                              )
5   WALKER RIVER PAIUTE TRIBE,                 )
                                              )   **NOTICE OF APPEARANCE AND**
6            Plaintiff-Intervenor,             )   **INTENT TO PARTICIPATE FOR**
                                              )   **UNREPRESENTED PARTY**
7        v.                                    )   **DECLARING HARDSHIP**
                                              )   **MAKING ELECTRONIC**
8   WALKER RIVER IRRIGATION DISTRICT,          )   **SERVICE IMPOSSIBLE**
9   a corporation, et al.,                     )
                                              )
10           Defendants.                       )
                                              )
11  _____          )
    MINERAL COUNTY,                            )
12                                             )
             Plaintiff-Intervenor,             )
13                                             )
14       v.                                    )
                                              )
15  WALKER RIVER IRRIGATION DISTRICT,          )
    et al.,                                    )
16                                             )
             Defendants.                       )
17  _____          )

18   TO:  Counsel of record for Mineral County, Nevada, the Walker River Irrigation District, United
19   States, Walker River Paiute Tribe, Nevada Department of Wildlife, the California State Agencies
     (State Water Resources Control Board, Department of Fish and Wildlife, and Department of Parks
20   and Recreation), and the United States Board of Water Commissioners

21       You are hereby notified that _____ enters
22
     an appearance of record in the above-captioned matter:
23
     **I have unique circumstances that make electronic service impossible or an undue hardship.**
24   I understand that the Court will take up my request in the near future and that the Court may require
     additional information from me to address my request.  I understand that the Court has exclusive
25   authority to determine whether and how I will continue to receive service of filings in this case.
26
27
28                                    Page **1** of **3**

**Please specify your individual circumstances that make electronic service an impossibility or an undue hardship (attach additional pages if necessary):**

_____

_____

_____

Name:  (Please print legibly) _____

Telephone Number: _____

Mailing Address: _____

_____

        I understand that if my address changes, it is my responsibility to notify the Court in writing at the below address of my new address, and that if I fail to do so, I will nevertheless be deemed to have notice of documents and all subsequent Orders and other filings in this case.

        I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above is true and correct.

Signature: _____

Executed on date: _____

        Mail Notice and any changes of mailing address to:

            U.S. District Court Clerk, Attn. 3:73-cv-00128-MMD-WGC Notice Clerk
            Bruce R. Thompson Courthouse
            400 S. Virginia Street, Room 301
            Reno, Nevada 89501

1

**CERTIFICATE OF SERVICE**

2

I certify that on _____, 2021, I filed the foregoing with the Clerk of

3

the Court, which will send notification of such filing via the CM/ECF system to the parties of

4

record represented by an attorney and by email to unrepresented parties consenting to electronic

5

service.

6

7

_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **3** of **3**

Order Approving Mineral County Service Package

**ATTACHMENT G**
(Disclaimer of Interest in Water Rights and Notice of Related Information
and Documentation Supporting Disclaimer)

Order Approving Mineral County Service Package

1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

3

UNITED STATES OF AMERICA,                    )
                                              )
4        Plaintiff,                           )
                                              )        3:73-cv-00128-MMD-WGC
5    WALKER RIVER PAIUTE TRIBE,               )
                                              )
6        Plaintiff-Intervenor,                )
                                              )
7                                             )        **DISCLAIMER OF INTEREST**
         v.                                   )        **IN WATER RIGHTS AND**
8                                             )        **NOTICE OF RELATED**
     WALKER RIVER IRRIGATION DISTRICT,        )        **INFORMATION AND**
9    a corporation, et al.,                   )        **DOCUMENTATION**
                                              )        **SUPPORTING DISCLAIMER**
10       Defendants.                          )
                                              )
11   _____      )
     MINERAL COUNTY,                          )
12                                            )
         Plaintiff-Intervenor,                )
13                                            )
                                              )
14       v.                                   )
                                              )
15   WALKER RIVER IRRIGATION DISTRICT,        )
     et al.,                                  )
16                                            )
         Defendants.                          )
17                                            )
     _____      )

18

19          The undersigned defendant in the above action hereby notifies the Court and Mineral

20   County that the undersigned (or the entity on whose behalf the undersigned is acting) has no

21   interest in either any water right subject to the Walker River Decree or any water right based

22   on ownership of riparian land within the California portion of the Walker River Basin, and

23   therefore, **disclaims all interest in this action**.

24          In addition, because the undersigned sold or otherwise conveyed ownership of all of

25   the water rights that the undersigned (or the entity on whose behalf the undersigned is acting)

26   once owned before the undersigned was served with a *Waiver of Personal Service of Notice in*

27

28                                      Page **1** of **4**

*Lieu of Summons* or by a *Notice in Lieu of Summons* the undersigned provides the following additional information:

1.      The name and address of the defendant or defendants who sold or otherwise conveyed ownership:

_____
Name(s)

_____
Street or P.O. Box

_____
Town or City State Zip Code

2.      The name and address of each person or entity who acquired ownership:

_____
Name(s)

_____
Street or P.O. Box

_____
Town or City State Zip Code

3.      Attached to or included with this notice is a copy of the (check appropriate box(es)):

☐ Deed
☐ Court Order
☐ Other Document

4.      The undersigned acknowledges that any person or entity who files a Disclaimer of Interest in this matter is ultimately responsible for the accuracy of this filing.

_____
*This notice shall be filed with the Court at the following address and served as indicated on the attached certificate of service.

Chief Deputy Clerk
United States District Court for the
District of Nevada
400 South Virginia Street, Suite 301
Reno, Nevada 89501

Consequently, the undersigned acknowledges that any person or entity who files such a notice, but, in fact, has water rights subject to this litigation, shall nevertheless be bound by the results of this litigation.

Executed this _____ day of _____, 20__

_____
[signature of defendant]

_____
[name of defendant]

_____
[signature, if applicable, of person acting on behalf of defendant]

_____
[name, if applicable, of person acting on behalf of defendant]

_____
[address]

_____
[telephone number]

**CERTIFICATE OF SERVICE**

I certify that on _____, 2021, I filed the foregoing with the Clerk of

the Court, which will send notification of such filing via the CM/ECF system to the parties of

record represented by an attorney and by email to unrepresented parties consenting to electronic

service.

_____

Order Approving Mineral County Service Package

**ATTACHMENT H**
(Notice of Lawsuit and Request for Waiver of Personal Service of
Notice In Lieu of Summons)

Order Approving Mineral County Service Package

**NOTICE OF LAWSUIT AND**
**REQUEST FOR WAIVER OF PERSONAL SERVICE OF**
**NOTICE IN LIEU OF SUMMONS**

**You have been named as a Defendant in a civil action.**  A *Second Amended Complaint in Intervention* has been filed by Mineral County, Nevada in the United States District Court for the District of Nevada, Reno, Nevada, docket number 3:73-cv-00128-MMD-WGC, alleges that the State of Nevada and the Decree Court are obligated under the Public Trust Doctrine to modify the management of the Walker River system, including modifications to the rules and regulations governing the administration of the Walker River Decree, so as to ensure adequate average annual inflows to Walker Lake.

Rule 4 of the Federal Rules of Civil Procedure provides that under certain circumstances you can avoid being assessed the cost of being personally served if you sign a waiver and accept service by mail.  The materials that have been sent to you in this package include a waiver form, instructions, and an addressed stamped envelope for returning the waiver form.  Please read these materials carefully, as they are important to your legal rights.

**Enclosed are the following <u>SEVEN (7)</u> documents:**

1.      **Waiver of Personal Service of Notice in Lieu of Summons**:  Two copies of this document are enclosed, one for your records and one that you may send in the enclosed stamped and addressed envelope to Simeon Herskovits and Iris Thornton, the attorneys for Mineral County, if you choose to execute the document.

2.      **Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention** which contains information relating to your rights in this case;

3.      **Second Amended Complaint in Intervention (Doc. No. 936);**

4.      Forms for a Notice of Appearance and Intent to Participate, as follows:

Page **1** of **4**

a. **Notice of Appearance and Intent to Participate for Party Represented by Attorney**;

b. **Notice of Appearance and Intent to Participate for Unrepresented Party Consenting to Electronic Service**;

c. **Notice of Appearance and Intent to Participate for Unrepresented Party Declaring Hardship Making Electronic Service Impossible**;

5. **Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer form**;

This is not a formal notification from the Court, but rather a request by counsel for Mineral County that you sign and return the enclosed **WAIVER OF PERSONAL SERVICE OF NOTICE IN LIEU OF SUMMONS** in order to save the cost of personally serving you with a Judicial *Notice in Lieu of Summons*, and additional copies of the *Second Amended Complaint in Intervention* and the related forms referenced above.  <u>If you do not send a signed copy of the Waiver to Mineral County within thirty (30) days after the date designated below as the date on which this Notice and request is sent, you may be responsible for the cost of personally serving you</u>.  We enclose an addressed stamped envelope for your use.  An extra copy of the Waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no additional copies of the above-referenced documents will be served on you.  The matter will then proceed as provided in paragraph 2 of the *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended Complaint in Intervention*, which is included with this Notice.

If you return the signed **WAIVER OF PERSONAL SERVICE OF NOTICE IN LIEU OF SUMMONS**, a response to Mineral County's *Second Amended Complaint in Intervention*

Page **2** of **4**

shall be filed and served 90 days from the date on which you sign the **WAIVER OF PERSONAL SERVICE OF NOTICE IN LIEU OF SUMMONS**.

Additionally, if you wish to participate in this case, you are required, within thirty (30) days of your execution of the **WAIVER OF PERSONAL SERVICE OF NOTICE IN LIEU OF SUMMONS** to file the particular form of the **NOTICE OF APPEARANCE AND INTENT TO PARTICIPATE** which applies to your circumstances with the Court, which forms are attached hereto.

No default will be taken against you for failure to appear, or for failure to respond to or otherwise defend against the *Second Amended Complaint in Intervention.*

If you do not return the signed **WAIVER OF PERSONAL SERVICE OF NOTICE IN LIEU OF SUMMONS** within the time indicated, Mineral County will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service.  In that connection, please read the statement concerning the duty of the parties to waive service of the Notice in Lieu of Summons which is attached hereto.

I affirm that this request is being sent to you on behalf of the proposed Plaintiff-Intervenor, Mineral County, Nevada, on this _____ day of _____, 2021.

_____
Simeon Herskovits
Iris Thornton
Advocates for Community and Environment
P.O. Box 1075
El Prado, New Mexico 87529
*Attorneys for Mineral County*

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS AND OTHER DOCUMENTS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the documents as referenced in the notice with which you have been provided.  A party located in the United States who, after being notified of this matter and asked by the proposed Plaintiff-Intervenor, Mineral County, Nevada, to waive service of the documents, fails to do so, will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the Second Amended Complaint-in-Intervention is unfounded, or that the matter has been brought in an improper place or in a Court that lacks jurisdiction over the subject matter thereof or over your person or property.  A party who waives service of the documents retains all defenses and objections (except any relating to the service of these documents), and may later object to the jurisdiction of the Court or the place where the matter has been brought.

A party who waives service must enter an appearance pursuant to paragraph 3(b) of the Order Relating to Completion of Service if the party wishes to participate in this case, and if the party fails to do so, the party shall nevertheless be deemed to have notice of subsequent orders of the Court and filings of the parties with respect to the Second Amended Complaint in Intervention.

Order Approving Mineral County Service Package

**ATTACHMENT I**
(Waiver of Personal Service of Notice in Lieu of Summons)

Order Approving Mineral County Service Package

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 3:73-cv-00128-MMD-WGC |
| Plaintiff, | ) |
| WALKER RIVER PAIUTE TRIBE, | ) |
| Plaintiff-Intervenor, | ) **WAIVER OF PERSONAL** <br> ) **SERVICE OF NOTICE IN LIEU** <br> ) **OF SUMMONS** |
| v. | ) |
| WALKER RIVER IRRIGATION DISTRICT, <br> a corporation, et al., | ) |
| Defendants. | ) |
| MINERAL COUNTY, | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| WALKER RIVER IRRIGATION DISTRICT, <br> et al., | ) |
| Defendants. | ) |

TO:  Simeon Herskovits and Iris Thornton, attorneys for Intervenor Mineral County, Nevada:

I acknowledge receipt of your request that I waive personal service of the documents involving the *Second Amended Complaint in Intervention* of Mineral County, Nevada, in the action of *United States of America, Plaintiff v. Walker River Irrigation District, et al., Defendants*, which is docket number 3:73-cv-00128-MMD-WGC in the United States District Court for the District of Nevada.  I also have received two copies of this Waiver, a copy of the *Second Amended Complaint in Intervention* of Mineral County, the *Order Relating to Completion of Service and Schedule for Responses to Mineral County's Second Amended*

Page **1** of **2**

*Complaint in Intervention*, *Notice of Appearance and Intent to Participate* forms, and a *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer* form.  I also have received a self-addressed stamped envelope by which I can return this signed waiver to you without cost to me.

I, or the entity I represent, agree to save the expense of personal service of a notice in lieu of summons and the above-described documents.

I understand that I, or the entity on whose behalf I am acting, will retain all defenses or objections to this matter or to the jurisdiction or venue of the Court except for objections based on a defect, if any, in the manner in which these documents have been provided to me.

I understand that if I, or the entity on whose behalf I am acting, do not file a *Notice of Appearance and Intent to Participate* within 30 days, and if the Court enters further orders with respect to the *Second Amended Complaint in Intervention*, that I, or the entity on whose behalf I am acting, shall nevertheless be deemed to have notice of those subsequent orders of the Court.  I also understand that no default will be taken against me for failure to appear or for failure to respond to or otherwise defend against the *Second Amended Complaint in Intervention*.

DATED this _____ day of _____, 202__.


_____
(Signature)

_____
(Printed name and title, if any)

_____
(Company or entity, if any)