**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

WALKER RIVER PAIUTE TRIBE,

Plaintiff-Intervenor,

v.

WALKER RIVER IRRIGATION DISTRICT, et al.,

Defendants.

MINERAL COUNTY,

Plaintiff-Intervenor,

v.

WALKER RIVER IRRIGATION DISTRICT, et al.,

Defendants.

Case No.: 3:73-cv-00128-MMD-CSD

**Order**

Re: ECF No. 1147

Defendants Walker River Irrigation District, Desert Pearl Farms, LLC, Peri Family Ranch, LLC, Peri & Peri, LLC, and Frade Ranches, Inc., (collectively, Defendants) have filed a renewed discovery motion seeking to compel Mineral County and Walker Lake Working Group (collectively, Mineral County) to provide further responses to interrogatory numbers 2-9, 11-18, 20-21, 24 and 31. (ECF No. 1147.) Mineral County opposes the motion. (ECF No. 1149.) The court heard argument from the parties at a hearing on August 11, 2026, and issues the instant Order.

## I. BACKGROUND

In the Second Amended Complaint in Intervention (ECF No 936), Mineral County alleges the State of Nevada and the Decree Court have violated their continuing duty under the statutory and common law of Nevada, including the Public Trust Doctrine, by permitting excessive and unreasonable upstream consumptive uses to reduce average annual inflows to Walker Lake to the detriment of Walker Lake's public trust values. Mineral County seeks to enforce the State of Nevada's and the Decree Court's continuing public trust duty to maintain minimum average annual inflows from the Walker River system into Walker Lake in sufficient quantity to replenish and maintain Walker Lake over the long term to sustain its environmental, wildlife, recreational, aesthetic, and economic values for current and future generations of Nevadans and the general public.

Mineral County asserts that the Public Trust Doctrine imposes a continuing duty on the State of Nevada and the Decree Court to manage or administer the waters and water rights of the Walker River system in a manner that ensures that Walker Lake is maintained at a minimum water level of approximately 3,965 feet above mean sea level, or a Lake salinity level of 10,000 mg/l TDS. Mineral County prays that the court enter judgment and decree by taking as many of various listed actions as are necessary to restore and maintain Walker Lake's public trust values.

Defendants propounded interrogatories to Mineral County concerning the allegations and the requested remedies in the Second Amended Complaint in Intervention. Mineral County's responses to interrogatories 2-9, 11-13, 15-18, 20-21, 24 and 31 are at issue in this motion.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**A. Interrogatories 3, 5, 8, 9**

Interrogatories 3, 5, 8 and 9 each essentially ask Mineral County to state what law or duty, other than the Public Trust Doctrine, Nevada and/or the Decree Court violated or what law or duty supports Mineral County's contention that Nevada and/or the Decree Court failed to take some action that Mineral County contends they had a continuing duty to undertake.

In their motion, Defendants request that Mineral County be compelled to identify with specificity what statutes or other common laws (apart from the Public Trust Doctrine) Mineral County alleges were violated. (ECF No. 1147-1 at 24-26.)

At the hearing on this matter, Mineral County's counsel represented, as an officer of the court, that the law it relies on to support its allegations is the Public Trust Doctrine. Therefore, the court will require Mineral County to provide a formal supplemental response to this effect in response to Interrogatories 3, 5, 8 and 9.

**B. Interrogatories 2, 4, 6, 7**

The parties met and conferred with respect to the responses to these interrogatories, and Mineral County provided a supplemental response that merely references pages 10-34 of Dr. Myers' (Mineral County's expert) report.

In their motion, Defendants state that they are still seeking specific references to Dr. Myers' report and supplementation under oath, as well as answers that specify actions taken rather than remedies sought, and ask whether the issuance of water rights by the State Engineer

or rights recognized in the Walker River Decree are considered acts that permitted excessive upstream uses.

The court orders Mineral County to provide a further supplemental response to these interrogatories. The further supplemental responses to interrogatories 2 and 4 shall specify actions taken by the State of Nevada and/or the Decree Court, or the actions they failed to take, that permitted excessive and unreasonable upstream consumptive uses to reduce average annual inflows to Walker Lake. The responses shall specify whether the issuance of water rights by the State Engineer or rights recognized in the Walker River Decree are considered acts that permitted excessive upstream uses.

The further supplemental response to interrogatory 6 shall specify when Mineral County contends the State of Nevada and/or Decree Court first violated the alleged affirmative duty to manage the Walker River system so as to ensure the public trust values of Walker Lake are maintained.

The further supplemental response to interrogatory 7 shall specify what actions Nevada and/or the Decree Court failed to take with respect to any continuing affirmative duty to manage the Walker River System to ensure the public trust values of Walker Lake are maintained.

To the extent Mineral County relies on facts and documents contained in Dr. Myers' report to support their further supplemental responses to these interrogatories, they must provide a substantive supplemental response from the party, and state *what* specific additional facts and/or documents in Dr. Myers' report support the response.

///

///

///

**C. Interrogatories 11-13, 16-18, 20-21, 24, and 31**

Each of these interrogatories ask specific questions about the prayer for relief and proposed remedies set forth in the Second Amended Complaint in Intervention.

Many of the responses state that the interrogatories are premature and then were supplemented to cite various pages of Dr. Myers' report. However, many of the cited portions of the reports are not responsive to the particular questions at issue.

At the hearing, Mineral County's counsel stated that Mineral County is going to have Dr. Myers review these interrogatories and provide supplemental responses, where additional information is available. The court now orders Mineral County to do so. Any supplemental response should be from a party and should not just contain a vague citation to multiple pages from an expert report. If, after consulting with Dr. Myers, Mineral County does not have further substantive information to provide in response to the interrogatory, the supplemental response should indicate as much.

**D. Interrogatory 15**

Interrogatory 15 asks about Mineral County's request that the Decree Court declare the Walker River system overappropriated, cancelling all unperfected permits for which the works necessary to place water to beneficial use have not yet been constructed and for which the deadline for filing proof of beneficial use has passed, and requiring denial of all pending applications for additional new appropriations or impoundments which could reduce average annual inflows. Defendants ask what law, other than the Public Trust Doctrine, requires this and the quantity of water that such action will provide to increase average annual inflows to Walker Lake.

In their motion, Defendants state that they seek clarification of whether Mineral County contends the system is "overappropriated" or "fully appropriated." Plaintiff's clarified that they contend it is overappropriated to the extent the public trust values of Walker Lake are not maintained. Therefore, it does not appear a further response to this interrogatory is required.

## III. CONCLUSION

Defendants' discovery motion (ECF No. 1147) is **GRANTED**, as discussed above. Mineral County shall provide further supplemental responses where indicated on or before **September 30, 2026**.

**IT IS SO ORDERED**.

Dated: August 31, 2026

Craig S. Denney
United States Magistrate Judge